[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 37.]

THE STATE EX REL. THOMAS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Thomas v. Indus. Comm*., 2002-Ohio-5306.]

*Workers' compensation—Application for permanent total disability compensation denied by Industrial Commission—Court of appeals' grant of writ of mandamus ordering an award of statutory permanent total disability compensation under R.C. 4123.58(C) affirmed—Claimant's right arm loss entailed separate entities of hand and arm entitling him to permanent total disability compensation.*

(No. 2001-0237—Submitted July 24, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-289.

_____

**Per Curiam.**

{¶1} Appellee-claimant Vaughn P. Thomas's workers' compensation claim has been allowed for assorted arm, hand, and psychological conditions. In 1997, he received an award under R.C. 4123.57(B) for total loss of use of his right arm.

{¶2} In 1999, claimant moved for permanent total disability compensation ("PTD"). Appellant Industrial Commission of Ohio, however, found claimant capable of sustained remunerative employment. It also denied claimant's request to be declared statutorily permanently and totally disabled under R.C. 4123.58(C), writing:

{¶3} "Under O.R.C. 4123.58(C) statutory permanent and total disability is awarded when there is found to be a loss of use of both hands, or both arms, or both feet or both legs, or both eyes, or any two thereof. In the instant case the claimant has received an award for a total loss of use of the right arm. Claimant's argument is that because he has been awarded a total loss of use of the right arm, that

necessarily means that he has a total loss of use of the right hand and right arm which would then constitute the loss of two limbs and qualify him for statutory and permanent total disability * * *. This argument is found not to be well taken because this statue [sic] requires that the loss be of *both* hands or arms or any combination thereof. Merely because the claimant loses the use of a hand and arm that loss is considered to be one entity and not the loss of two separate body parts as the statue [sic] requires. Because the claimant has only lost the use of one arm, and not both arms, he cannot be awarded statutory permanent disability. To hold otherwise, that is to hold [that] the loss of one upper extremity whether it be the left or right arm constitutes the loss of two body parts, would be a misconstruction of the statue [sic] as the statute requires the loss of separate hands or separate arms and not the loss of one side or the other. Consequently, based on the aforementioned reasoning[,] the claimant's request for statutory permanent and total disability is hereby denied." (Emphasis added.)

{¶4} Claimant prevailed at the court of appeals, and a writ of mandamus issued that ordered an award of statutory PTD. The court of appeals held that the claimant's right arm loss entailed separate entities of hand and arm, thereby entitling him to PTD.

{¶5} This cause is now before this court upon an appeal as of right.

{¶6} Upon review, we agree with the reasoning provided by the court of appeals. For the reasons given in that opinion, we hereby affirm its judgment.

Judgment affirmed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent in accordance with the order of the Industrial Commission.

_____

Philip J. Fulton & Associates and Jonathan H. Goodman, for appellee.

Betty D. Montgomery, Attorney General, and Thomas L. Reitz, Assistant Attorney General, for appellant.

Butler, Cincione, DiCuccio & Barnhart and David B. Barnhart, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.

————————————