DECISION
{¶ 1} Relator, James C. Adams, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to reinstate that portion of the staff hearing officer's order that granted statutory permanent total disability compensation to relator for loss of his left arm and left hand, and to vacate that portion of the order that concluded R.C. 4123.52
barred the payment of compensation for a period in excess of two years prior to the date relator filed his motion for payment of such compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be granted. The commission has filed objections to the magistrate's decision.
 {¶ 3} In its objections, respondent repeats the same arguments as to the applicability of R.C. 4123.52, that were considered and rejected by the magistrate. We agree with the magistrate's conclusion that the application of State ex rel. Thomas v. Indus. Comm., 97 Ohio St.3d 37,2002-Ohio-5306; and State ex rel. Drone v. Indus. Comm. (2001),93 Ohio St.3d 151, compels the conclusion that relator is entitled to an award of statutory permanent total disability compensation for loss of use of his arm and his hand, effective the date of his injury.
 {¶ 4} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own and respondent's objections to the magistrate's decision are overruled. Therefore, this court grants a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its June 4, 2002 order, and to issue an order awarding relator statutory permanent total disability compensation for loss of his left arm and left hand effective December 26, 1984.
Objections overruled, writ of mandamus granted.
BROWN and KLATT, JJ., concur.
 IN MANDAMUS {¶ 5} In this original action, relator, James C. Adams, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to reinstate that portion of its staff hearing officer's order that had granted statutory permanent total disability ("PTD") compensation to relator and to vacate that portion of the order that had applied R.C. 4123.52 to bar the payment of compensation for the back period in excess of two years prior to the date relator filed his motion for the payment of statutory PTD compensation.
Findings of Fact:
 {¶ 6} 1. On December 26, 1984, relator sustained an industrial injury which was assigned claim number 84-34532. The parties stipulate that the claim has been allowed for: "dismemberment left arm," since the date of injury. The claim is also allowed for: "phantom limb pain and muscle spasms, left arm."
 {¶ 7} 2. In State ex rel. Thomas v. Indus. Comm. (Dec. 19, 2000), Franklin App. No. 00AP-289, this court held that the loss of a hand and arm of the same limb constitutes statutory PTD under R.C. 4123.58(C).
 {¶ 8} 3. On April 11, 2001, citing this court's decision in Thomas, relator moved for statutory PTD under R.C. 4123.58(C). In his motion, relator alleged that he had suffered the "total amputation of his left arm and has lost both his left arm and left hand."
 {¶ 9} 4. Following an August 9, 2001 hearing, a staff hearing officer ("SHO") granted relator's motion for statutory PTD, but applied R.C. 4123.52 to bar the retroactive payment of compensation prior to April 11, 1999.
 {¶ 10} 5. On September 6, 2001, relator moved the commission for recon-sideration of that portion of the August 9, 2001 SHO order that applied R.C. 4123.52 to bar the retroactive payment of compensation prior to April 1, 1999.
 {¶ 11} 6. On September 14, 2001, the administrator of the Ohio Bureau of Workers' Compensation moved for reconsideration of the SHO's statutory PTD award.
 {¶ 12} 7. By an interlocutory order mailed May 3, 2002, the commission sua sponte directed that a hearing be scheduled for it to determine whether it should invoke its continuing jurisdiction over an alleged clear mistake of law and to further determine the merits of relator's April 11, 2001 motion for statutory PTD compensation.
 {¶ 13} 8. Following a June 4, 2002 hearing before the three-member commission, the commission, with one member concurring and dissenting, mailed an order granting the administrator's September 14, 2001 motion for reconsideration and denying relator's September 6, 2001 motion for reconsideration. The commission, in its June 4, 2002 order, vacated the August 9, 2001 order of its SHO, and denied relator's April 11, 2001 motion for statutory PTD compensation.
 {¶ 14} 9. On October 6, 2002, the Supreme Court of Ohio affirmed this court's judgment in State ex rel. Thomas v. Indus. Comm.,97 Ohio St.3d 37, 2002-Ohio-5306.
 {¶ 15} 10. On November 4, 2002, relator, James C. Adams, filed this mandamus action.
 {¶ 16} 11. On January 21, 2003, the parties, through counsel, filed an "agreed stipulation of evidence" in which the parties "further stipulate that the portion of Relator's Complaint in Mandamus asserting his right to statutory permanent total disability benefits is moot pursuant to the Supreme Court's decision in [Thomas]."
Conclusions of Law:
 {¶ 17} The commission concedes that it erred in vacating the August 9, 2001 SHO order awarding statutory PTD compensation.[1] The commission acknowledges here that relator is entitled to statutory PTD compensation pursuant to R.C. 4123.58(C) and the Supreme Court's decision in Thomas. (Commission's brief at 1.) However, the commission contests relator's claim that the SHO erred in applying R.C. 4123.52 to bar the payment of compensation for a back period in excess of two years prior to the filing of relator's motion for statutory PTD compensation.
 {¶ 18} It is the magistrate's decision that this court issue a writ of mandamus ordering the commission to: (1) reinstate the award of statutory PTD compensation; and (2) pay compensation retroactively starting with the date of injury.
 {¶ 19} R.C. 4123.52 states, in pertinent part, as follows:
 {¶ 20} "* * * [T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. * * *"
 {¶ 21} On the date of relator's injury, i.e., December 26, 1984, R.C. 4123.58(C) read as it reads today:
 {¶ 22} "The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section. * * *"
 {¶ 23} Ordinarily, R.C. 4123.52 bars compensation to an applicant for PTD compensation for a back period in excess of two years prior to the filing of the application. State ex rel. Baker v. Indus. Comm.,97 Ohio St.3d 267, 2002-Ohio-6341.
 {¶ 24} There are several cases in which the court had to determine when the application for compensation was filed in applying R.C. 4123.52. In State ex rel. General Refractories Co. v. Indus. Comm. (1989),44 Ohio St.3d 82, it was held that the application for compensation was filed on the date that the claimant filed an application for an additional claim allowance because the parties understood that at the time the application was filed the claimant intended to ultimately seek temporary total disability compensation. The General Refractories court stated:
 {¶ 25} "* * * R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application. * * * This view accords with statutory dictates and this court's long-established position of giving a liberal interpretation to the Workers' Compensation Act in favor of the injured worker. R.C. 4123.95. * * *" Id. at 83-84.
 {¶ 26} In State ex rel. Ford Motor Co. v. Indus. Comm. (1992),65 Ohio St.3d 17, and in State ex rel. Garrett v. Indus. Comm.,96 Ohio St.3d 60, 2002-Ohio 3533, the court applied the holding in General Refractories. However, in those two cases, the court found that the claim allowance motions did not constitute applications for temporary total disability compensation.
 {¶ 27} It has further been held that R.C. 4123.52 does not impose a new two year limitation every time a claimant attempts to amend an application for compensation. State ex rel. Rizer v. Indus. Comm. (2000),88 Ohio St.3d 1.
 {¶ 28} In State ex rel. Drone v. Indus. Comm. (2001),93 Ohio St.3d 151, it was held that R.C. 4123.52's two year statute of limitations was never triggered and, thus, the statute did not bar the retroactive adjustment of compensation that arose when the Ohio Bureau of Workers' Compensation ("bureau"), on its own, discovered an error in its calculation of compensation. In Drone, the claimant did not file an application for an adjustment of compensation, nor did she bring the error to the bureau's attention. The bureau sua sponte issued an order adjusting compensation, but limited the adjustment to compensation paid for the two year period prior to the date it had discovered the error. The claimant, in Drone, filed an objection to the bureau's order. The commission, through its SHO, treated the objection as an "application," and thus applied R.C. 4123.52 to bar an adjustment of compensation for a back period in excess of two years prior to the claimant's filing of the objection.
 {¶ 29} The Drone court rejected the commission's argument that the claimant's objection constituted the R.C. 4123.52 "application." In holding that the commission abused its discretion by applying R.C. 4123.52, the Drone court explained:
 {¶ 30} "* * * Because the statute of limitations in R.C. 4123.52
requires an application to trigger it and nothing satisfies Gen. Refractories' outline of an application, then the statute of limitations has not been invoked." Id. at 155.
 {¶ 31} Pertinent to the issue before this court is Ohio Adm. Code4121-3-34(E)(1) which became effective June 1, 1995. It states:
 {¶ 32} "(E) Statutory permanent total disability
 {¶ 33} "Division (C) of section 4123.58 of the Revised Code provides that the loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, constitutes total and permanent disability.
 {¶ 34} "(1) In all claims where the evidence on file clearly demonstrates actual physical loss, or the permanent and total loss of use occurring at the time of injury secondary to a traumatic spinal cord injury or head injury, of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, the claim shall be referred to be reviewed by a staff hearing officer of the commission. Subsequent to review, the staff hearing officer shall, without hearing, enter a tentative order finding the claimant to be entitled to compensation for permanent and total disability under division (C) of section 4123.58 of the Revised Code. If an objection is made, the claim shall be scheduled for hearing."
 {¶ 35} Also pertinent to the issue before this court is well-settled law that a decision of the Supreme Court of Ohio shall be applied retroactively unless a specific provision declares its application to be prospective only. State ex rel. Bosch v. Indus. Comm. (1982),1 Ohio St.3d 94, 98; State ex. rel. N. Olmsted v. Eliza Jennings, Inc. (1993), 91 Ohio App.3d 173, 179; Elford v. Anchor Motor Freight, Inc. (1995), 107 Ohio App.3d 383.
 {¶ 36} In the magistrate's view, the Drone court's decision and the retroactive application of the Thomas court holding, compel a determination that R.C. 4123.52's two year statute of limitations is not applicable and, thus, cannot bar statutory PTD compensation retroactive to the date of injury.
 {¶ 37} Ohio Adm. Code 4121-3-34(E)(1) places a duty upon the commission to issue a tentative order finding the claimant to be entitled to compensation under R.C. 4123.58(C) in all claims where the evidence on file clearly demonstrates actual physical loss of a hand and arm regardless of the filing or the failure to file an application for statutory PTD compensation.
 {¶ 38} Thus, as of June 1, 1995, had the commission discovered on its own that relator had sustained a loss of his left hand and arm it would have been required to sua sponte issue a tentative order finding relator to be entitled to compensation under R.C. 4123.58(C).
 {¶ 39} Here, while relator did in fact file a motion on April 11, 2001 that brought the matter to the attention of the commission, Ohio Adm. Code 4121-3-34(E)(1) indicates that the commission had the duty to enter a finding of statutory PTD irrespective of relator's motion.
 {¶ 40} The Drone case holds that the statute of limitations in R.C. 4123.52 requires an application to trigger it. While relator did in fact file a motion that can be viewed as his application, the commission's duty to proceed to a finding of statutory PTD arose independently of relator's filing of the application. Accordingly, the Drone case compels the conclusion that relator's filing of the motion on April 11, 2001 did not trigger the statute of limitations in R.C. 4123.52
and, thus, the commission cannot use R.C. 4123.52 to bar retroactive payment of R.C. 4123.58(C) compensation.
 {¶ 41} Given the above analysis, the magistrate concludes that the SHO's order of August 9, 2001 did contain a clear mistake of law in that R.C. 4123.52 was applied to bar retroactive payment of compensation. Thus, the commission did have continuing jurisdiction to reconsider the SHO's order of August 9, 2001 to correct that mistake of law, but the commission did not correct the clear mistake of law in its June 4, 2002 order. Instead, the commission created further error in its June 4, 2002 order by vacating the statutory PTD award.
 {¶ 42} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its June 4, 2002 order and to enter a new order that reinstates the statutory PTD award absent the application of R.C. 4123.52's two year statute of limitations.
[1] Apparently, the parties' stipulation that relator's claim of entitlement to statutory PTD is "moot" was intended to serve as respondent's concession that it had erred in vacating the SHO's award of statutory PTD compensation.