In Mandamus.
 DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Martin McCallister, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order granting his application for permanent total disability compensation for a period of two years preceding the date of his application and ordering the commission to put on a new order finding him entitled to said compensation from the date of his industrial injury forward.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that this court has decided a nearly identical case in State ex rel. Adams v. Indus. Comm., Franklin App. No. 02AP-1210, 2003-Ohio-4510, rejecting the commission's argument that the extended period of compensation was barred by R.C. 4123.52. In accordance with that decision, the magistrate determined that this court should issue a writ of mandamus ordering the commission to grant relator's motion for statutory permanent total disability compensation payable from the date of injury.
 {¶ 3} Respondent-commission filed objections to the decision of the magistrate urging this court to refuse to follow the authority of Adams. However, we decline to do so and overrule the objections.
 {¶ 4} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, we issue a writ of mandamus ordering the commission to grant relator's motion for statutory permanent total disability compensation from the date of injury, May 12, 1983, and not from the date of his motion.
Objections overruled; writ granted.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Martin McCallister, : Relator, : v. : No. 03AP-719 Industrial Commission of Ohio : (REGULAR CALENDAR) and Beach Co., : Respondents. :
 MAGISTRATE'S DECISION Rendered on January 15, 2004 Steve C. Carr, for relator.
Jim Petro, Attorney General, and Jacob Dobres, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Martin McCallister, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted relator's application for statutory permanent total disability ("PTD") compensation for a period of two years preceding the date of his application and ordering the commission to find that he is entitled to PTD compensation from the date of injury forward.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on May 12, 1983, and his claim was ultimately allowed as follows: "Traumatic left arm amputation; cervical/thoracic outlet syndrome; cervical myofascitis; thoracic myofascitis; aggravation of spondylolisthesis at L-5; lumbar segmental dysfunction."
 {¶ 7} 2. In the years following his injury, relator was fitted with a prosthesis, was referred for vocational case management, pursued an associate's degree in computer programming, participated in a rehabilitation program, was paid living maintenance compensation, completed a job search program, and ultimately entered into an employer incentive contract which allowed him to re-enter the workforce as an Applications Programmer.
 {¶ 8} 3. On October 25, 2002, relator filed an application with the commission requesting that he be paid statutory PTD compensation from the date of his injury, May 12, 1983, to the present based on the recently decided case of State ex rel.Thomas v. Indus. Comm., 97 Ohio St.3d 37, 2002-Ohio-5306.
 {¶ 9} 4. By tentative order mailed January 7, 2003, a staff hearing officer ("SHO") granted relator's motion for statutory PTD compensation filed October 25, 2002, and determined that statutory PTD compensation was to be paid to relator beginning October 25, 2000, two years preceding the filing of the motion, pursuant to R.C. 4123.52. The SHO denied relator's request for payment beyond two years.
 {¶ 10} 5. By order mailed April 11, 2003, an SHO issued his final order and discussed the applicability of Thomas and R.C.4123.52 as follows:
 {¶ 11} Pursuant to the case of State ex rel. Thomasv. Industrial Commission (2002), 97 Ohio St.3d 37, it appears that the loss of an entire extremity constitutes the loss of two or more members under ORC 4123.58(C).
 {¶ 12} Pursuant to ORC 4123.52, the jurisdiction of the Industrial Commission is continuing. The Industrial Commission may make any modification or change with respect to former findings or orders as in its opinion is justified. The Commission shall not make any modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefore. Pursuant to ORC 4123.58, permanent total disability is compensation. Therefore, the above award cannot be granted beyond a back period in excess of two years from 10/25/2002, the date of the filing of the application. The Staff Hearing Officer notes that most of the authority cited by claimant's counsel relates to awards pursuant to ORC 4123.57. Only the Thomas case refers to ORC 4123.58, however, that decision is limited to the award of benefits, not the start date. The Staff Hearing Officer finds the correct start date for the statutory permanent and total award is 10/25/2000.
 {¶ 13} 6. By order mailed May 29, 2002, the commission denied relator's request for reconsideration.
 {¶ 14} 7. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 16} The sole issue in the present case centers on the proper date for the payment of PTD compensation to relator. InThomas, the court held that, under R.C. 4123.58(C), the loss of an injured worker's entire arm constitutes the loss of two separate entities, hand and arm, thereby entitling the injured worker to a statutory award of PTD compensation. Upon that premise, relator filed a motion requesting that he be paid statutory PTD compensation.
 {¶ 17} In asserting that he is entitled to PTD compensation from the date of his injury, May 12, 1983, relator argues that this court's recent decision in State ex rel. Adams v. Indus.Comm., Franklin App. No. 02AP-1210, 2003-Ohio-4510, entitles him to that compensation. In Adams, the claimant was in a situation identical to relator in the present case. The claimant's claim had been allowed for "dismemberment left arm," and the date of his injury was December 26, 1984. Following the decision inThomas, the claimant filed a motion seeking statutory PTD compensation under R.C. 4123.58(C). The commission granted the claimant's motion for statutory PTD compensation; however, applied R.C. 4123.52 to bar the retroactive payment of compensation prior to April 11, 1999, the date on which the claimant filed his application.
 {¶ 18} In a mandamus action in this court, the magistrate issued a decision recommending that the claimant's request for a writ of mandamus compelling payment of PTD compensation effective the date of his injury be granted following a detailed analysis of Thomas and State ex rel. Drone v. Indus. Comm. (2001),93 Ohio St.3d 151. This court adopted the magistrate's decision as its own and, as such, the claimant was awarded statutory PTD compensation effective December 26, 1984, the date of his injury and rejected the commission's argument that R.C. 4123.52 limited the award to two years preceding the application.
 {¶ 19} The instant situation is identical to the situation inAdams. The commission urges this court to find that Adams andDrone should not be applied to grant statutory PTD compensation back to the date of injury when R.C. 4123.52 places a two-year limitation on the benefits and notes that this court's decision in Adams is currently pending before the Supreme Court of Ohio upon the commission's appeal.
 {¶ 20} Because the facts of the present case are identical to the facts in Adams and, based upon this court's decision inAdams, this magistrates recommends that this court issue a writ of mandamus ordering the commission to grant relator's motion for statutory PTD compensation and make it payable from the date of injury, May 12, 1983.
 {¶ 21} Based upon the foregoing, it is this magistrate's decision that this court issue a writ of mandamus ordering the commission to grant relator's motion for statutory PTD compensation from the date of injury, May 12, 1983, and not from the date of his motion.
 /s/Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE