DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, International Paper, Inc., commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting statutory permanent total disability ("PTD") compensation to respondent, Steven A. Trucinski ("claimant") and to enter an order denying said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Relying principally upon State ex rel. Thomas v. Indus. Comm., 97 Ohio St.3d 37,2002-Ohio-5306, the magistrate found that "leg" and "foot" constitute separate body parts for purposes of applying R.C.4123.58(C). Therefore, the magistrate concluded that claimant's loss of his left foot and leg qualifies him for statutory PTD compensation under R.C. 4123.58(C). The magistrate also rejected relator's equal protection argument and determined that relator's challenges to the constitutionality of R.C. 4123.58(C) were not properly before the court. Therefore, the magistrate has recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision first arguing that the Thomas decision was wrongly decided and that we should decline to follow it. However,Thomas is dispositive of the issue raised in relator's first five objections, and we are bound to follow the law as articulated by the Supreme Court of Ohio. Thomas resolves the issue of whether a leg and foot constitute separate body parts for purposes of applying R.C. 4123.58(C).
 {¶ 4} Relator next objects to the magistrate's decision that relator's constitutional challenges to R.C. 4123.58(C) were not properly before this court. Relator argues that R.C. 2721.12's requirement to serve the Ohio Attorney General does not apply in mandamus, citing State ex rel. Madison v. Cotner (1981),66 Ohio St.2d 448. Relator also points out that the holding inCicco v. Stockmaster (2000), 89 Ohio St.3d 95, upon which the magistrate principally relied, was greatly limited by ClevelandBar Assn. v. Picklo, 96 Ohio St.3d 195, 2002-Ohio-3995. Consequently, relator contends that its constitutional arguments were properly before the court. We agree. Therefore, we modify the magistrate's conclusions of law to address the merits of relator's constitutional challenges to R.C. 4123.58(C).
 {¶ 5} Relator challenges the constitutionality of R.C.4123.58(C) on both equal protection and substantive due process grounds. Neither argument has merit.
 {¶ 6} Although relator has standing to challenge the constitutionality of R.C. 4123.58(C), relator has not shown how that statute violates the equal protection clause. Because R.C.4123.58(C) does not create classifications based upon suspect distinctions such as race, religion or alienage, the state need only show that the challenged classification is rationally related to a legitimate state interest. Sorci v. General MotorsCorp. (1983), 13 Ohio App.3d 223, 225, citing City of NewOrleans v. Dukes (1976), 427 U.S. 297, 303-304, 96 S.Ct. 2513. There is an obvious rational basis for treating more severe amputation injuries differently from less severe amputation injuries. Furthermore, the unique nature and severity of an amputation injury is also a rational basis for awarding PTD compensation even though the claimant has returned to work. Therefore, we reject relator's equal protection argument.
 {¶ 7} Nor do we find any merit to relator's substantive due process argument. The decision to award statutory PTD in those limited circumstances where the claimant has sustained a severe amputation injury does not violate substantive due process even though the claimant has been able to return to work. The benefits authorized by R.C. 4123.58(C) are reasonably related to the state's legitimate interest in granting a unique benefit to those workers who have suffered the most severe amputation injuries in an industrial accident. Such an award reflects a proper legislative purpose and is neither unreasonable nor arbitrary. Therefore, R.C. 4123.58(C) does not violate substantive due process.
 {¶ 8} Following an independent review of this matter, we overrule relator's objections to the magistrate's decision. We adopt the findings of fact contained the magistrate's decision, but modify the magistrate's conclusions of law in the manner discussed above. In accordance with the magistrate's decision, we deny the requested Writ of mandamus.
Objections overruled; writ of mandamus denied.
Brown, J., concurs. McCormac, J., concurs separately.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.