DECISION
 ON OBJECTIONS TO MAGISTRATE'S DECISION {¶ 1} Relator, Johns Manville International, filed this original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio Relator, ("commission") to vacate its order granting an application for permanent total disability ("PTD") compensation filed by respondent Harold Housman under R.C.4123.58(C). The matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has concluded that this court should deny the requested writ of mandamus. (Attached as Appendix A.) The matter is before the court for an independent review pursuant to Civ.R. 53 upon relator's objections to the magistrate's decision.
 {¶ 2} Respondent suffered the loss of his left arm above the elbow in a workplace accident. The commission subsequently granted respondent's claim for a statutory PTD pursuant to R.C. 4123.58(C). That statute sets forth a list of body parts, the loss of two of which will give rise to automatic entitlement to PTD. The list includes hands, arms, feet, legs, and eyes. The Supreme Court of Ohio, in interpreting R.C. 4123.58(C), has specifically held that the loss of an arm, and necessarily the loss of the attendant hand, constitutes the loss of two body parts for purposes of awarding statutory PTD. State ex rel. Thomas v. Indus. Comm.,97 Ohio St.3d 37, 2002-Ohio-5306.
 {¶ 3} Relator's argument before the magistrate and in its objections to the magistrate's decision is that this court should decline to applyThomas because that case was wrongly decided. There is no precedent for the proposition that this court, an intermediate court of appeals, is free to disregard all notions of constitutional precedence and judicial hierarchy and fail to apply a decision by the Supreme Court of Ohio that is factually and legally on all fours with the case before us. We accordingly find that the magistrate correctly applied the controlling law in the case, and relator's objections to the magistrate's decision are not well-taken. Following our independent review of the record pursuant to Civ.R. 53, we accordingly adopt the magistrate's decision, including the findings of fact and conclusions of law therein, and deny the issuance of the requested writ.
Objections overruled; writ of mandamus denied.
Sadler and McGrath, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A HE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Johns Manville, :
 Relator, :
v. : No. 04AP-543
 :
Harold Housman and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on January 18, 2005 Bugbee Conkle, LLP, Robert L. Solt, III, Mark S. Barnes, and MichaelW. Jackson, for relator.
Law Offices of Kurt M. Young, LLC, and Kurt M. Young; Law Offices ofRobert W. Fiedler, Jr., LLC, and Robert W. Fiedler, Jr., for respondent Harold Housman.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, Johns Manville International, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting the application for statutory permanent total disability ("PTD") compensation to respondent Harold Housman ("claimant") pursuant to R.C. 4123.58(C), and ordering the commission to find that claimant is not entitled to that award.
Findings of Fact:
 {¶ 5} Claimant sustained a work-related injury on June 22, 1994, when his left arm was caught in a bailer. Claimant's claim has been allowed for the following conditions: "amputation of left arm; mild right rotator cuff tendonitis; adjustment disorder with mixed anxiety and depressed mood; post-traumatic stress disorder, by direct causation."
 {¶ 6} On March 12, 2003, claimant filed a motion with the commission requesting statutory PTD compensation.
 {¶ 7} On March 29, 2003, the commission issued a tentative order granting claimant's application for PTD compensation pursuant to R.C.4123.58(C), which provides that PTD compensation will be paid to a claimant who has lost the use of two of the enumerated body parts in the statute.
 {¶ 8} Relator appealed from the commission's tentative order on April 10, 2003.
 {¶ 9} By order dated August 12, 2003, a staff hearing officer ("SHO") denied relator's appeal and upheld claimant's right to statutory benefits as follows:
The evidence in file reveals that the injured worker suffered an above the elbow left arm amputation since 1994. The claim is allowed for "amputation of the left arm". As such, based upon Thomas v. Industrial Commission, the injured worker is found to have suffered the loss of use of a hand and an arm. This constitutes Permanent and Total Disability Compensation pursuant to Ohio Revised Code Section 4123.58(C).
 {¶ 10} Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 11} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 12} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 13} Although relator concedes the existence of State ex rel. Thomas v. Indus. Comm., 97 Ohio St.3d 37, 2002-Ohio-5306, relator contends that stare decisis should not be applied in the present case because the decision in Thomas is clearly wrong. However, inasmuch as Thomas is the controlling law, this court is required to follow it. As such, because claimant has sustained a loss of two of the enumerated body parts, pursuant to Thomas, he is entitled to an award of statutory PTD compensation. As such, relator cannot show that the commission abused its discretion in this regard.
 {¶ 14} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that it is entitled to a writ of mandamus and this court should deny relator's request for a writ of mandamus.