THE STATE EX REL. INTERNATIONAL PAPER, APPELLANT,
*v.* TRUCINSKI ET AL., APPELLEES.

[Cite as *State ex rel. Internatl. Paper v. Trucinski,*
106 Ohio St.3d 203, 2005-Ohio-4557.]

(No. 2004–1941—Submitted June 14, 2005—Decided September 14, 2005.)

**Per Curiam.**

{¶ 1} Appellee Steven A. Trucinski worked for appellant, International Paper. In 1998, a chemical explosion at the plant injured Trucinski's left leg, resulting in an above-the-knee amputation. He was eventually fitted with a prosthesis and, in time, secured other employment.

{¶ 2} Appellee Industrial Commission of Ohio awarded Trucinski scheduled-loss compensation under R.C. 4123.57(B) for the total loss of the left leg. Claimant later applied for compensation for permanent total disability ("PTD"), pursuant to R.C. 4123.58(C) and *State ex rel. Thomas v. Indus. Comm.,* 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62. The commission granted PTD in 2003.

{¶ 3} International Paper unsuccessfully challenged Trucinski's PTD award in the Court of Appeals for Franklin County. It now turns to this court on an appeal as of right, seeking to have *Thomas* overruled and claimant's PTD award vacated.

{¶ 4} Statutory PTD is established by "[t]he loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof." R.C. 4123.58(C). In 2002, *Thomas* declared the hand and arm to be distinct body parts for purposes of 4123.58(C). Consequently, the loss of an entire single extremity can equate to the loss of two body parts and statutory PTD.

{¶ 5} International Paper asks us to overrule *Thomas*. Stare decisis, however, compels our adherence to precedent unless (1) the challenged decision was wrongly decided at that time or changes in circumstances no longer justify continued adherence to the decision, (2) the challenged decision defies practical workability, and (3) overruling the decision would not create an undue hardship for those who have relied upon it. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at syllabus. Because International Paper cannot satisfy *Galatis*, we decline its request that we overrule *Thomas*, and we continue to adhere to its holding.

{¶ 6} We are not persuaded that *Thomas* was wrongly decided. Given the absence of a statutory definition for the terms "arm" and "leg," we do not find that the *Thomas* court erred in construing the statute as it did.

{¶ 7} Contrary to International Paper's assertion, this conclusion does not conflict with *State ex rel. Cook v. Zimpher* (1985), 17 Ohio St.3d 236, 17 OBR 474, 479 N.E.2d 263. *Cook* involved former R.C. 4123.57(C) (now 4123.57(B)), not R.C. 4123.58(C), as here. Workers' compensation terms, moreover, can have different meanings in different statutes. See *State ex rel. Kaska v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 591 N.E.2d 235. That "leg" may include the foot for R.C. 4123.57(B) purposes does not compel the same interpretation for R.C. 4123.58(C).

{¶ 8} We also reject International Paper's claim that *Thomas* is constitutionally suspect. Its equal-protection argument fails because it cannot establish disparate treatment between similarly situated individuals. Regardless of the amputation site, so long as the commission has declared a total loss of use of an extremity, there is no dissimilar treatment—all such claimants will receive statutory PTD. There is no equal-protection violation.

{¶ 9} International Paper's argument on substantive due process is more vague, consisting of the broad assertion that *Thomas* is forcing it to "pay for an injury that it did not cause." This declaration ignores the commission's determination long ago that Trucinski's injury occurred in the course of and arising from his employment with International Paper. That the claimant is not literally totally disabled does not mean that the legislature's decision to compensate him as if he were is invalid, nor does it mean that International Paper is paying for something unrelated to claimant's employment. There has been, therefore, no arbitrary deprivation of property.

{¶ 10} We are equally unconvinced that the decision defies practical workability—the second prong of *Galatis*. International Paper alleges dire financial consequences to the workers' compensation system as a whole and to the state's employers as a result of *Thomas*, but thus far—in the three years since the decision—that has not come to pass. There has been no evidence presented that

indicates that injuries of this magnitude occur with sufficient frequency to constitute a significant burden on the system. Our experience bears this out: since *Thomas* was announced, only four cases invoking it have been decided by this court.

{¶ 11} These facts contrast starkly with those in *Galatis*. *Galatis* was generated by the court's decisions four years earlier in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. *Scott–Pontzer* held that an uninsured-motorist endorsement that identified "you" as the named insured where "you" was a corporation must extend coverage to an employee outside the course and scope of employment. *Ezawa* took *Scott–Pontzer* one step further by, in certain situations, extending that coverage to a family member of the employee.

{¶ 12} The practical ramifications of *Scott–Pontzer* were staggering:

{¶ 13} "*Scott-Pontzer* and its progeny defy practical workability. The multitude of post-*Scott-Pontzer* issues before this court, the widespread criticism of the decision from other jurisdictions, and the numerous conflicts emanating from the lower courts indicate that the decision muddied the waters of insurance coverage litigation, converted simple liability suits into complex multiparty litigation, and created massive and widespread confusion—the antithesis of what a decision of this court should do. Attorneys are forced to file briefs and appendixes that are several inches thick in an attempt to form a coherent picture out of the post-*Scott-Pontzer* morass." (Footnotes omitted.) *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 50.

{¶ 14} There is no such equivalent here. International Paper also accuses *Thomas* of creating a windfall for claimants because it awards statutory PTD irrespective of a claimant's ability to work—clearly a reference to Trucinski's resumed employment after receiving his prosthesis. International Paper misrepresents *Thomas*. Statutory PTD has long been awarded irrespective of a claimant's ability to work or even actual employment. See *State ex rel. Szatkowski v. Indus. Comm.* (1988), 39 Ohio St.3d 320, 322, 530 N.E.2d 880. Granting PTD compensation despite the ability to work was a choice of the legislature, not a creation of *Thomas,* and does not support overruling the decision.

{¶ 15} International Paper alternatively argues that if not overruled, *Thomas* should at least be distinguished from this case because, unlike the present case, *Thomas* involved the arm, not the leg. We disagree. The loss of any extremity is devastating in a way that those who have not experienced such a loss can never truly understand. We decline to engage in a distinction that could be perceived as placing a value judgment on the degree and severity of the loss of an arm or

leg. The General Assembly accorded equal weight to both types of losses in R.C. 4123.58(C). We will not disturb that determination.

{¶ 16} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Taft, Stettinius & Hollister, L.L.P., Timothy L. Zix, and Majeed G. Makhlouf, for appellant.

Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, for appellee Steven Trucinski.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging reversal for amicus curiae Ohio Chamber of Commerce.

Bricker & Eckler, L.L.P., and Thomas R. Sant, urging reversal for amici curiae Ohio Chapter of the National Federation of Independent Business and the Ohio Manufacturers' Association.

Squire, Sanders & Dempsey, L.L.P., and Steven M. Loewengart, urging reversal for amicus curiae Council of Smaller Enterprises.

Vorys, Sater, Seymour & Pease, L.L.P., Robert A. Minor, and Robin Obetz, urging reversal for amicus curiae Ohio Self-insurers' Association.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.