DECISION
{¶ 1} Relator, Kelsey-Hayes Co., filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate its order awarding statutory permanent total disability ("PTD") compensation under R.C. 4123.58(C) to respondent, Rosalinda Heinlen, and to enter an order denying said compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On September 29, 2005, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court deny the requested writ of mandamus. (Attached as Appendix A.) Relator timely filed objections to the magistrate's decision, which are now before the court.
 {¶ 3} In its first objection, relator argues that the magistrate incorrectly determined that the case of State ex rel.Internatl. Paper v. Trucinski, 106 Ohio St.3d 203,2005-Ohio-4557, 833 N.E.2d 728, decided after the parties filed their merit briefs, is dispositive of relator's challenge to the correctness and applicability hereto of State ex rel. Thomas v.Indus. Comm., 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62. Relator contends that the Supreme Court of Ohio wrongly decidedInternatl. Paper, just as it also, according to relator, wrongly decided Thomas. Relator argues that the Supreme Court of Ohio should have used Internatl. Paper to overrule Thomas
pursuant to the criteria established in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 336, 2003-Ohio-5849, 797 N.E.2d 1256.
 {¶ 4} Notwithstanding relator's arguments to the contrary, we are bound to follow the decisions of the Supreme Court of Ohio, which are the prevailing law unless and until reversed or overruled. State v. Tinker, 10th Dist. No. 03AP-1203,2005-Ohio-2289. We agree with the magistrate's conclusion thatInternatl. Paper is dispositive of the question whether the commission abused its discretion in granting statutory PTD in this case. Accordingly, relator's first objection is overruled.
 {¶ 5} In its second objection, relator argues that the magistrate erred in rejecting relator's argument that the statutory PTD awarded in this case is premised upon a nonallowed condition because the industrial claim is not specifically allowed for a foot condition. Relator's argument in support of this objection is the same argument presented to, and rejected by, the magistrate. We, too, fail to see how an amputation above the right knee — that is, a true loss, as opposed to a loss of use — does not include the actual loss of the right foot. Accordingly, we overrule relator's second objection.
{¶ 6} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate correctly discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
Brown and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Kelsey-Hayes Company, : :
Relator, : :
v. : No. 05AP-360 :
Rosalinda Heinlen and The Industrial : (REGULAR CALENDAR) Commission of Ohio, : :
Respondents. : :
 MAGISTRATE'S DECISION Rendered on September 29, 2005 Squire, Sanders Dempsey L.L.P., W. Michael Hanna and GretaM. Kearns, for relator.
Heinzerling Goodman, LLC, and Jonathan H. Goodman, for respondent Rosalinda Heinlen.
Jim Petro, Attorney General, and Douglas R. Unver, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} In this original action, relator, Kelsey-Hayes Company, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its award of statutory permanent total disability ("PTD") compensation under R.C. 4123.58(C) to respondent Rosalinda Heinlen, and to enter an order denying said compensation.
Findings of Fact:
 {¶ 8} 1. On July 24, 2002, Rosalinda Heinlen ("claimant") sustained a traumatic amputation just below the right knee while employed by relator, a self-insured employer under Ohio's workers' compensation laws. Later the same day, claimant underwent surgery that resulted in an above-the-knee amputation. John B. Roberts, M.D., was the lead surgeon who signed the operative report.
 {¶ 9} 2. The industrial claim is allowed for "abnormality of gait; amputation above right knee, unilateral; prolong post traumatic stress; depression," and is assigned claim number 02-848812.
 {¶ 10} 3. On July 27, 2004, claimant moved for statutory PTD compensation pursuant to R.C. 4123.58(C).
 {¶ 11} 4. On November 18, 2004, a staff hearing officer ("SHO"), without a hearing, mailed an order (dated November 15, 2004) granting statutory PTD compensation. Relator timely filed an objection to the order.
 {¶ 12} 5. Following a January 27, 2005 hearing, another SHO issued the following order:
The employer's objection filed 12/13/2004 to the Staff Hearing Officer order dated 11/15/2004 and mailed 11/18/2004, which awarded the claimant statutory permanent total disability benefits, is denied. The claimant's C-86 motion filed 07/27/-2004 which requests the payment of statutory permanent total disability compensation is granted, and the Staff Hearing Officer order dated 11/15/2004 is affirmed.
The Staff Hearing Officer finds that the claimant is statutorily permanently and totally disabled pursuant to Ohio Revised Code Section 4123.58(C), as well as the Supreme Court Case of State ex rel. Thomas vs. Industrial Commission
(2002), 97 Ohio St.3d 37. Statutory permanent and total disability compensation is to be paid to the claimant from the date of the last payment of temporary total disability com-pensation in this claim. The statutory permanent and total disability compensation awarded is to be paid to the claimant regardless of whether she ever returns to, or has previously returned to, any kind of work.
* * *
The Staff Hearing Officer finds that on 07/24/2002 the claimant sustained an above right knee amputation when she was run over by a forklift. The operative report of Dr. Roberts dated 07/24/2002 confirms that the claimant suffered an above knee amputation of the right leg. Pursuant to the Thomas case as cited above, the Staff Hearing Officer finds that an above knee amputation on the right constitutes a loss of the right foot as well as of the right leg, and qualifies the claimant for an award of statutory permanent total disability pursuant to Thomas and ORC4123.58(C).
The Staff Hearing Officer relies on the above cited Thomas
case, on ORC 4123.58(C) and on the operative report of Dr. Roberts dated 07/24/2002, in rendering this decision. The Staff Hearing Officer has reviewed and considered all the evidence in file prior to rendering this decision.
 {¶ 13} 6. On February 18, 2005, the commission mailed an order denying relator's request for reconsideration of the SHO order of January 27, 2005.
 {¶ 14} 7. On April 12, 2005, relator, Kelsey-Hayes Company, filed this mandamus action.
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 16} R.C. 4123.58(C) states: "The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section."
 {¶ 17} In State ex rel. Thomas v. Indus. Comm.,97 Ohio St.3d 37, 2002-Ohio-5306, the court declared the hand and arm to be distinct body parts for purposes of R.C. 4123.58(C). Consequently, the loss of an entire single extremity can equate to the loss of two body parts and statutory PTD.
 {¶ 18} In the instant case, the commission applied Thomas
in awarding statutory PTD for the loss of the right foot and leg, essentially finding that the loss of those two body parts constitutes PTD under R.C. 4123.58(C).
 {¶ 19} Here, arguing that Thomas was wrongly decided, relator asks this court to overrule Thomas and, on that basis, to order the commission to vacate its award.
 {¶ 20} Subsequent to completion of the briefing schedule in this action, the Supreme Court of Ohio, on September 14, 2005, decided State ex rel. Internatl. Paper v. Trucinski,106 Ohio St.3d 203, 2005-Ohio-4557, which is dispositive of relator's challenges to Thomas.
 {¶ 21} In Internatl. Paper, the court, applying the doctrine of stare decisis, refused to overrule Thomas.
 {¶ 22} Moreover, Internatl. Paper, like the instant case, involved an above-the-knee amputation. Significantly, theInternatl. Paper court refused to distinguish Thomas on grounds that it involved the arm, not the leg.
 {¶ 23} In addition to arguing that Thomas should be overruled, relator also contends that the commission's award is premised upon a nonallowed condition because the industrial claim, while allowed for an amputation above the right knee, is not specifically allowed for a foot condition. This argument lacks merit. Obviously, an above-the-knee amputation includes loss of the foot. Clearly, the commission's award is not premised even in part on a nonallowed condition.
 {¶ 24} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.