DECISION
{¶ 1} Relator, Brian A. Sagert, has filed this original action in mandamus requesting that this court issue a writ compelling respondent Industrial Commission of Ohio ("commission") to modify its order granting compensation for permanent total disability ("PTD") compensation under R.C.4123.58(C) and to issue an amended order that sets a commencement date for PTD compensation that is not limited by the two-year limitation of R.C. 4123.52, which bars the payment of compensation for a period more than two years prior to an application for such compensation.
 {¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate has rendered a decision, including findings of fact and conclusions of law, recommending that the requested writ of mandamus should be denied. (Attached as Appendix A.) Relator has filed an objection to the magistrate's decision.
 {¶ 3} Relator sustained an industrial injury in August 1992, requiring amputation of his right forearm. A workers' compensation claim was allowed and benefits paid, including permanent partial disability ("PPD") under R.C. 4123.57 for the total loss of use of relator's right arm.
 {¶ 4} The Ohio Supreme Court subsequently decided the case ofState ex rel. Thomas v. Indus. Comm., 97 Ohio St.3d 37,2002-Ohio-5306, in which the court found that the loss of use of a claimant's right arm entailed the loss of two separate entities, hand and arm, entitling the claimant to statutory PTD compensation under R.C. 4123.58(C).
 {¶ 5} In light of Thomas, relator filed a motion requesting PTD compensation, as his injury now fit the requirements for statutory PTD under R.C. 4123.58(C) as it now is interpreted by the supreme court.
 {¶ 6} A staff hearing officer ("SHO") issued a tentative order granting PTD compensation commencing on December 10, 2000, two years prior to relator filing his motion for PTD, pursuant to R.C. 4123.52's limitation on awards of compensation: "the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."
 {¶ 7} The SHO subsequently denied an appeal seeking adjustment of the start date for PTD compensation.
 {¶ 8} In this mandamus action, the magistrate found the application of the two-year limitation of R.C. 4123.52 applied to relator's PTD award and recommended that this court deny the requested writ.
 {¶ 9} Relator's objection states that the magistrate's decision ignores the clear precedent set by this court in Stateex rel. Adams v. Aluchem Inc., Franklin App. No. 02AP-1210, 2003-Ohio-4510, finding that the two-year limitation of R.C.4123.52 was subject to an exception for statutory PTD cases.
 {¶ 10} After an independent review of the magistrate's decision and of the record in this case, this court will sustain relator's objection to the magistrate's decision and issue the requested writ.
 {¶ 11} Adams was decided on facts nearly identical to the case before us, both in the nature of the injury sustained by the relator and the procedural context, including the subsequent modification of case law by the Ohio Supreme Court in Thomas.
In Adams, we found that while, ordinarily, R.C. 4123.52 bars PTD compensation for a back period in excess of two years prior to filing of the application, that statute does not specify how an "application" for compensation must be made. We held, based upon the magistrate's recommendation, that instances in which no "application" was made, such as the present one, the two-year statute of limitations was not applicable.
 {¶ 12} The matter before us could not be more on all fours with Adams, and we accordingly sustained relator's objection to the magistrate's decision. A writ shall issue ordering the commission to enter a new order awarding PTD compensation retroactive to April 12, 1993, the date of the original order of the district hearing officer finding that relator has sustained total loss of use of his right arm.
Objection sustained, writ of mandamus granted.
Bowman and Bryant, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Brian A. Sagert, : Relator, : v. : No. 03AP-1083 Industrial Commission of Ohio and General: (REGULAR CALENDAR) Electric Railcar Services Corporation, : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 24, 2004 Spitler Williams-Young Co., L.P.A., William R. Menacher andSteven M. Spitler, for relator.
Jim Petro, Attorney General, and Jacob Dobres, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 13} In this original action in mandamus, relator, Brian A. Sagert, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to modify its order granting compensation for permanent total disability ("PTD") under R.C. 4123.58(C) and to issue an amended order that sets forth an earlier commencement date for the compensation.
Findings of Fact:
 {¶ 14} 1. In August 1992, Brian A. Sagert sustained an industrial injury that resulted in amputation of the right arm at the forearm level. A workers' compensation claim was allowed, and a variety of benefits were paid.
 {¶ 15} 2. On April 12, 1993, a district hearing officer granted compensation for permanent partial disability under R.C.4123.57 for the total loss of use of the right arm.
 {¶ 16} 3. On December 10, 2002, claimant filed a motion requesting PTD compensation under R.C. 4123.58(C).
 {¶ 17} 4. In January 2003, a staff hearing officer issued a tentative order granting PTD compensation as of December 10, 2000, thus starting compensation two years before the motion for compensation was filed.
 {¶ 18} 5. Claimant appealed, seeking an adjustment of the starting date. In June 2003, the staff hearing officer denied the appeal, finding no legal authority to support claimant's request that the commission refrain from applying the two-year limitations period in R.C. 4123.52, which prohibits retrospective payment of compensation more than two years before the date of an application for compensation.
 {¶ 19} 6. Reconsideration was denied.
Conclusions of Law:
 {¶ 20} In this action, claimant was awarded PTD compensation under R.C. 4123.58(C). However, claimant argues that the commission had a legal duty to start PTD compensation as of April 12, 1993 — the date on which the commission issued an order under R.C. 4123.57 concluding that claimant was entitled to permanent partial disability compensation for the loss of his arm. The magistrate disagrees.
 {¶ 21} R.C. 4123.52 imposes a limitations period on awards of compensation as follows:
* * * [T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. * * *
This provision plainly prohibits payment of compensation more than two years before the application for compensation was filed. Pursuant to R.C. 4123.52, the courts have upheld denials of compensation for any period more than two years prior to the application date, even where a claimant can establish the elements of proof for compensation dating back many years prior to the application. E.g., State ex rel. Justice v. Dairy Mart,Inc., 94 Ohio St.3d 34, 2002-Ohio-60; State ex rel. Welsh v.Indus. Comm. (1999), 86 Ohio St.3d 178.
 {¶ 22} Further, the commission has no legal duty to review its files to determine whether claimants have submitted applications for all the types of compensation that may be due to them. In order to receive compensation or an adjustment to compensation, a claimant must file a written request. This request may be a formal application on the official form provided by the Bureau of Workers' Compensation, or it may be some other writing such as a motion or letter. See, generally, State exrel. Cobble v. Indus. Comm. (2001), 92 Ohio St.3d 22. R.C.4123.52 embodies the principle that a claimant must act diligently to secure compensation by commission order, and the statute further states the penalty for a claimant's inaction — that the starting date of any award will be limited to two years preceding his application for it. Id. at 25.
 {¶ 23} Here, claimant filed a C-86 motion on December 10, 2002, seeking PTD compensation. That motion constituted an "application" for purposes of R.C. 4123.52. Accordingly, when the commission granted compensation to begin on December 10, 2000, it was ordering the earlier possible starting date permitted under the law. Claimant's argument that the commission had a legal duty to grant an earlier starting date lacks merit.
 {¶ 24} Claimant also contends that the court should make an exception for cases involving "statutory PTD" under R.C.4123.58(C). However, this court has already rejected that contention. See State ex rel. Adams v. Aluchem, Inc., Franklin App. No. 02AP-1210, 2003-Ohio-4510. The magistrate, therefore, recommends that the court deny the requested writ of mandamus.
 /s/ P.A. Davidson 
P.A. DAVIDSON MAGISTRATE