DECISION
{¶ 1} In this original action, relator, James Tippie, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting relator statutory permanent total disability ("PTD") compensation beginning May 26, 2001, and ordering the commission to find that his statutory PTD compensation begins as of September 20, 1980, the date of relator's amputation.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate, who subsequently heard the parties' arguments. On April 20, 2005, the magistrate issued a decision, including supportive findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. No objections to the magistrate's decision have been filed.
 {¶ 3} Following an independent review of this matter pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and applied the appropriate law to those facts. Consequently, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accord with the magistrate's recommendation and decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. James Tippie,: Relator, :
v. : No. 04AP-1084
Industrial Commission of Ohio : (REGULAR CALENDAR) and Kite, Incorporated, Respondents. :
 MAGISTRATE'S DECISION Rendered on April 20, 2005 Craig T. Lelli, for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, James Tippie, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting relator statutory permanent total disability ("PTD") compensation beginning May 26, 2001, and ordering the commission to find that his statutory PTD compensation begins as of September 20, 1980, the date of relator's amputation as required by this court's decisions in State ex rel. Adamsv. Aluchem, Inc., Franklin App. No. 02AP-1210, 2003-Ohio-4510, and Stateex rel. Sagert v. Indus. Comm., Franklin App. No. 03AP-1083,2004-Ohio-6122.
Findings of Fact:
 {¶ 5} 1. Relator sustained a work-related injury on July 1, 1971. As a result of his injury, relator eventually underwent an amputation of his left leg and his claim has been allowed for "nerve and tendon damage in sciatica area that leads to both legs, hysterical neurosis, flexure contractive of left leg, amputation of left leg, recurrence of left inguinal hernia due to pro[s]thesis stress."
 {¶ 6} 2. On May 6, 2003, relator requested that his file be referred to the commission for an order granting him statutory PTD compensation beginning the date of his amputation, which occurred on September 22, 1980.
 {¶ 7} 3. The matter was heard before a staff hearing officer ("SHO") and a tentative order was mailed July 13, 2003 granting relator PTD compensation but beginning payment May 6, 2001, two years prior to the filing of his motion for same.
 {¶ 8} 4. Relator filed objections and the matter was heard before an SHO on January 16, 2004. The second SHO again applied the two-year statute of limitations and R.C. 4123.52 and determined that the start date for relator's statutory PTD compensation was May 6, 2001, two years prior to the filing of his application and not the date of the amputation.
 {¶ 9} 5. Relator filed a motion for reconsideration which was refused by order of the commission mailed March 11, 2004.
 {¶ 10} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 11} The sole issue raised in this mandamus action is whether the commission abused its discretion in determining the start date of his award of statutory PTD compensation to begin the date of his amputation based upon this court's decisions in Adams and Sagert. For the reasons that follow, the magistrate finds that the commission has not abused its discretion and a writ of mandamus should not issue.
 {¶ 12} In Adams, this court found that the application of State exrel. Thomas v. Indus. Comm., 97 Ohio St.3d 37, 2002-Ohio-5306, and Stateex rel. Drone v. Indus. Comm. (2001), 93 Ohio St.3d 151, compels the conclusion that an award of statutory PTD compensation is effective as of the date of the injury and that the two-year statute of limitations in R.C. 4123.52 did not apply. However, the Supreme Court of Ohio reversed this court's decision in State ex rel. Adams v. Aluchem, Inc.,104 Ohio St.3d 640, 2004-Ohio-6891, and held as follows in the syllabus: "R.C. 4123.52 applies to bar retroactive payment of statutory PTD compensation under R.C. 4123.58(C) for a period in excess of two years before the motion for compensation was filed."
 {¶ 13} Pursuant to the above-cited case, R.C. 4123.52 does bar retroactive payment of statutory PTD compensation under R.C. 4123.58(C) for a period in excess of two years before the request for compensation. As such, in the present case, the commission correctly determined that the start date for relator's award of statutory PTD compensation was May 26, 2001, two years prior to his application therefore, and relator has not demonstrated that the commission abused its discretion.
 {¶ 14} Based on the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion and the request for a writ of mandamus should be denied.