THE STATE, EX REL. ALUMINUM COMPANY OF AMERICA, APPELLANT, *v.* STEBBINS ET AL., APPELLEES.

(No. 74-191—Decided December 4, 1974.)

*Messrs. Baughman, Hayes, Savidge & Willacy* and *Mr. Aubrey B. Willacy,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Mr. James R. Rishel,* for appellee Industrial Commission.

*Mr. David L. Levine,* for appellee Charles Prater.

54

*Per Curiam.* Relator argues that the order of the commission finding total disability is not supported by substantial competent evidence and constitutes a gross abuse of discretion and is, therefore, "subject to correction by an action in mandamus."

However, a writ of mandamus cannot be granted unless a clear legal right thereto has been shown, and the burden of establishing such right is upon the relator. *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237. See, also, *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Relator's argument concerns itself with the sufficiency and quality of the medical evidence before the commission. As the Court of Appeals stated in its opinion, relator asks the "court to review and weigh all of the expert medical evidence and testimony, and make a determination as to the extent of the physical impairment of * * * claimant."

It is well settled that, where there is a conflict in the medical opinion before the Industrial Commission as to the disability of a claimant seeking compensation for the occupational disease of silicosis, a relator does not show a clear right to relief by mandamus and such a writ will not issue. *State, ex rel. Bevis,* v. *Coffinberry* (1949), 151 Ohio St. 293. See, also, *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227, at 230.

Accordingly, the judgment of the Court of Appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE. W. BROWN and P. BROWN, JJ., concur.