The State, ex rel. Clark, Appellant, *v.* Krouse, Admr., Bureau of Workmen's Compensation, et al., Appellees.

(No. 77-349—Decided December 28, 1977.)

*Messrs. Jurus & Young* and *Mr. Stanley R. Jurus*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Robert L. Holder*, for appellee administrator.

*Per Curiam.* Appellant contends that the Court of Appeals erred in failing to grant a writ of mandamus ordering the reinstatement of permanent and total disability compensation as of the date of its termination or, in the alternative, as of 1959, the date that R. C. 4123.58 was amended to grant appellant his right to receive the benefits without regard to his rehabilitation and reemployment.[1]

This court has stated on numerous occasions that mandamus is an extraordinary legal remedy and the issuance of the writ depends upon the showing of a clear legal right thereto. *State, ex rel. Croft,* v. *Janis* (1970), 24 Ohio St. 2d 33; *State, ex rel. Hammond,* v. *P. E. R. S.* (1972), 29 Ohio St. 2d 192; *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227. The Court of Appeals, in granting appellee's motion for summary judgment, stated that the record failed to demonstrate a "clear legal right to the relief sought," finding that, under the provisions of R. C. 4123.52, appellant was entitled only to compensation for the two years prior to the filing of his application.

R. C. 4123.52 states, in relevant part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified.

---

[1] Prior to November 2, 1959 (see 126 Ohio Laws 1015, 1033), R. C. 4123.58 read, in relevant part:

"The loss of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, *prima facie* constitutes total and permanent disability, to be compensated according to this section."

The 1959 amendment (128 Ohio Laws 743, 762) rewrote R. C. 4123.58 to read:

"The loss of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section."

\* \* \* [*A*]*nd the commission shall not make any such modification, change, finding, or award which shall award 'compensation for a back period in excess of two years prior to the date of filing application therefor.* \* \* \* " (Emphasis added.)

Despite this rather explicit statutory limitation on the awarding of retroactive compensation for a period in excess of two years, appellant asserts that *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, is supportive of his claim for the restoration of his compensation from the date of last payment. The decision in *State, ex rel. Holdridge, supra,* although resulting in the reinstatement of permanent and total disability compensation as of the date of termination, is of no precedential value in the resolution of the instant cause. The issue *sub judice* of the two-year limitation on back payments was not presented by either party or discussed by the court, for the issue in *State, ex rel. Holdridge, supra,* was not the awarding of back compensation, but the validity of the termination (after the 1959 amendment to R. C. 4123.58) of current payments because of rehabilitation.

This, however, is not a matter of first impression before this court. In *State, ex rel. Hammond,* v. *Indus. Comm.* (1945), 144 Ohio St. 477, this court held that the identical language in the predecessor of R. C. 4123.52 as to the limitation on back compensation constituted a valid statute of limitations.[2]

The syllabus in *State, ex rel. Hammond,* v. *Indus. Comm., supra,* reads as follows:

"The filing of an application for the modification of an

---

[2]G. C. 1465-86 was the predecessor to present R. C. 4123.52, and said section, in pertinent part, is as follows:

"The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. \* \* \* [*A*]*nd the commission shall not make any such modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor* \* \* \*." (Emphasis added.)

award for additional compensation for the death of a workman caused by the violation of a specific safety requirement as provided for by Section 35, Article II of the Constitution, is governed by Section 1465-86, General Code, which provides that the Industrial Commission may not make any modification, change, finding or award of compensation for a back period in excess of two years prior to the date of filing application therefor."

Thus, appellant's filing of his application on October 6, 1975, for the reinstatement of permanent and total disability compensation, which had been available since the effective date of the 1959 amendment to R. C. 4123.58 (note *State, ex rel. Holdridge*, v. *Indus. Comm.*, *supra* [11 Ohio St. 2d 175]), limited his recovery of back payments to October 6, 1973. This result is specifically mandated by this court's decision in *State, ex rel. Hammond*, v. *Indus. Comm.*, *supra*, wherein it was stated, at page 480:

"* * * Although the relators' right to the additional award beyond that first allowed was available and could have been pursued from the date of injury, it was not asserted before January 19, 1944. The failure to file an application for the modification of the award, for additional compensation prior to January 19, 1942, lay with the relators."

Appellant failed to pursue his right to the benefits when they first became available to him, and the failure must rest upon him.

Appellant having failed to demonstrate a clear legal right to the permanent and total disability compensation beyond October 6, 1973, the judgment of the Court of Appeals, summarily denying appellant's request for a writ of mandamus, is accordingly affirmed. *State, ex rel. Alcoa*, v. *Stebbins* (1974), 40 Ohio St. 2d 52.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., not participating.