THE STATE EX REL. WELSH, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Welsh v. Indus. Comm.* (1999), 86 Ohio St.3d 178.]

(No. 97–2349—Submitted June 22, 1999—Decided July 28, 1999.)

*Barkan & Neff Co., L.P.A.,* and *Robert E. DeRose,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellants.

---

**Per Curiam.** Under R.C. 4123.52, the commission cannot make any modification, change, finding, or award that grants compensation for any period more than two years before the date the claimant applies for such compensation. The court of appeals held that this statute did not apply, in effect, because Welsh had asked only for enforcement of the commission's TTD award, not for a modification. We disagree and, accordingly, reverse.

The court of appeals implicitly concluded that the commission had already awarded Welsh his full amount of TTD based on two-thirds of his AWW, but that is not the case. The commission specifically ordered the offset of $128 from the TTD to which Welsh would have been entitled had he not been receiving this

amount from his employer. This offset was required by R.C. 4123.56(A), which also requires the commission to expressly order the offset before it can be made. Thus by law, BWC had no choice but to comply with the commission's order until such time as the commission issued a new one.

When his employer stopped paying him insurance benefits, Welsh could have moved immediately to change the standard for BWC's compliance. But despite having been shorted each week beginning on July 12, 1990, he did not promptly pursue his right to be paid all two-thirds of his AWW. In fact, he waited more than five years before moving the commission to issue another order.

Welsh has not asserted any exception to the rule, inherent in R.C. 4123.52, that a claimant must act diligently to secure compensation by commission order. And R.C. 4123.52 explicitly states the penalty for a claimant's inaction—any award will be limited to the two years preceding his or her application for it. Here, the commission ordered some compensation, and Welsh applied for more compensation over five years after he became entitled to it. The commission, therefore, properly restricted Welsh's relief to the two years before his motion. For these reasons, the court of appeals' judgment is reversed, and a writ of mandamus ordering the commission to vacate its order partially denying Welsh's motion for TTD is denied.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

———————

ALICE ROBIE RESNICK, J., dissenting. I would affirm the judgment of the court of appeals.

DOUGLAS and PFEIFER, JJ., concur in the foregoing dissenting opinion.