**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 178.]**

THE STATE EX REL. WELSH, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO
ET AL., APPELLANTS.

[Cite as *State ex rel. Welsh v. Indus. Comm*., 1999-Ohio-145.]

*Workers' compensation—Under R.C. 4123.56, Industrial Commission cannot*
*make any modification, change, finding, or award that grants compensation*
*for any period more than two years before the date claimant applies for*
*such compensation.*

(No. 97-2349—Submitted June 22, 1999—Decided July 28, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD07-928.

_____

{¶ 1} Appellant Industrial Commission of Ohio granted Stephen Welsh, appellee, temporary total disability compensation ("TTD") from October 5, 1987 through December 30, 1987, and to continue thereafter based on supplemental medical proof of his eligibility. Welsh qualified for $222.35 in TTD per week based on the formula in R.C. 4123.56 for calculating this compensation—two-thirds of his average weekly wage ("AWW"). But since Welsh's employer was paying him $128 per week under a qualifying sickness and accident insurance plan, R.C. 4123.56(A)[1] required the deduction of this amount from the TTD for which he would have otherwise qualified. Accordingly, the commission ordered that TTD

---

1. R.C. 4123.56(A) provides, in part:

"If any compensation under this section has been paid for the same period or periods for which temporary nonoccupational accident and sickness insurance is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing insurance or under a nonoccupational accident and sickness program fully funded by the employer, compensation paid under this section for the period or periods shall be paid only to the extent by which the payment or payments exceeds the amount of the nonoccupational insurance or program paid or payable. Offset of the compensation shall be made only upon the prior order of the bureau of workers' compensation or industrial commission or agreement of the claimant."

be paid "less the $128.00 in wages being paid [Welsh] per week by the employer for sickness and accident benefits."

{¶ 2} Pursuant to the commission's order, BWC paid Welsh $94.35 per week until his TTD ended on December 13, 1993. Appellant Bureau of Workers' Compensation ("BWC") continued to make this offset even though Welsh's employer stopped paying him sickness and health benefits on July 12, 1990.

{¶ 3} Welsh did not pursue full payment of his TTD until September 18, 1995, when he moved for BWC to pay him for the sickness and accident benefits not paid by his employer from July 13, 1990 until December 13, 1993. The commission granted his motion, but only for the period from September 18, 1993 through December 13, 1993. The commission reasoned that the statute of limitations in R.C. 4123.52 for modifying commission orders precluded any award of compensation for a period over two years before the application for that award.

{¶ 4} Welsh challenged the commission's decision in mandamus, seeking a writ to require that the commission vacate its order partially denying his motion and award him all the TTD he had requested. The Court of Appeals for Franklin County granted the writ, finding that the commission was required to pay Welsh all the TTD to which he was "entitled." The commission and BWC appeal as of right.

_____

*Barkan & Neff Co., L.P.A.*, and *Robert E. DeRose*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellants.

_____

***Per Curiam.***

{¶ 5} Under R.C. 4123.52, the commission cannot make any modification, change, finding, or award that grants compensation for any period more than two years before the date the claimant applies for such compensation. The court of appeals held that this statute did not apply, in effect, because Welsh had asked only

for enforcement of the commission's TTD award, not for a modification. We disagree and, accordingly, reverse.

{¶ 6} The court of appeals implicitly concluded that the commission had already awarded Welsh his full amount of TTD based on two-thirds of his AWW, but that is not the case. The commission specifically ordered the offset of $128 from the TTD to which Welsh would have been entitled had he not been receiving this amount from his employer. This offset was required by R.C. 4123.56(A), which also requires the commission to expressly order the offset before it can be made. Thus by law, BWC had no choice but to comply with the commission's order until such time as the commission issued a new one.

{¶ 7} When his employer stopped paying him insurance benefits, Welsh could have moved immediately to change the standard for BWC's compliance. But despite having been shorted each week beginning on July 12, 1990, he did not promptly pursue his right to be paid all two-thirds of his AWW. In fact, he waited more than five years before moving the commission to issue another order.

{¶ 8} Welsh has not asserted any exception to the rule, inherent in R.C. 4123.52, that a claimant must act diligently to secure compensation by commission order. And R.C. 4123.52 explicitly states the penalty for a claimant's inaction— any award will be limited to the two years preceding his or her application for it. Here, the commission ordered some compensation, and Welsh applied for more compensation over five years after he became entitled to it. The commission, therefore, properly restricted Welsh's relief to the two years before his motion. For these reasons, the court of appeals' judgment is reversed, and a writ of mandamus ordering the commission to vacate its order partially denying Welsh's motion for TTD is denied.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 9} I would affirm the judgment of the court of appeals.

DOUGLAS and PFEIFER, JJ., concur in the foregoing dissenting opinion.

_____