[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 34.]

THE STATE EX REL. JUSTICE, APPELLANT, *v.* DAIRY MART, INC. ET AL.,

APPELLEES.

[Cite as *State ex rel. Justice v. Dairy Mart, Inc.*, 2002-Ohio-60.]

*Workers' compensation—Retroactive compensation adjustment following an average weekly wage recalculation is limited to the two years prior to the claimant's recalculation motion.*

(No. 00-2147—Submitted October 2, 2001—Decided January 9, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-83.

_____

*Per Curiam*.

{¶ 1} Claimant-appellant David Justice was injured on June 14, 1986, while employed as a clerk for appellee Dairy Mart in Cleveland. His average weekly wage ("AWW") was set, and compensation and benefits followed.

{¶ 2} In 1998, claimant moved appellee Industrial Commission of Ohio to adjust his AWW to $265.27, claiming that wages that he had received from other jobs in the year prior to injury had not been included in the calculation. The commission granted the motion and raised claimant's AWW to $258.96.

{¶ 3} Pursuant to R.C. 4123.52, claimant's rate of compensation was readjusted back to December 31, 1996—two years prior to claimant's motion. Seeking readjustment back to the date of injury, claimant commenced a mandamus action in the Court of Appeals for Franklin County. The court of appeals denied the writ after finding that the commission had properly applied R.C. 4123.52's two-year statute of limitations.

{¶ 4} This cause is now before this court upon an appeal as of right.

{¶ 5} R.C. 4123.52 provides:

"The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * [T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."

{¶ 6} Claimant asserts that R.C. 4123.52 does not apply because retroactive adjustment does not constitute an "award." Claimant alternatively proposes that if it does apply, R.C. 4123.95's liberal-construction mandate creates an exception for claimants with serious injuries. Both contentions fail.

{¶ 7} The first argument was conclusively rejected in *State ex rel. Cobble v. Indus. Comm.* (2001), 92 Ohio St.3d 22, 26, 748 N.E.2d 29, 33:

"*Amicus* proposes that back payment does not result in an 'award' of compensation, but merely an 'adjustment' to compensation previously paid. [*State ex rel.*] *Welsh* [*v. Indus. Comm.* (1999), 86 Ohio St.3d 178, 712 N.E.2d 749] has, however, effectively dispensed with any semantics over whether a monetary disbursal is an 'award,' an 'enforcement,' an 'adjustment,' or a 'modification.' "

{¶ 8} Claimant's second argument also lacks merit. Neither R.C. Chapter 4121 nor Chapter 4123 establishes a distinct and more generous statute of limitations for those more seriously injured.

{¶ 9} Claimant's injury, moreover, does not explain the twelve-and-one-half-year delay in seeking redress. Claimant indeed suffered a devastating injury, but counsel offers no evidence that the injury impeded the discovery of the additional wage information.

{¶ 10} The lone case that claimant cites is *State ex rel. Welsh v. Indus. Comm.* Contrary to claimant's representation, *Welsh* does not say that there are exceptions to R.C. 4123.52's two-year statute of limitations. It says just the opposite: "[A] claimant must act diligently to secure compensation by commission

order. And R.C. 4123.52 explicitly states the penalty for a claimant's inaction—any award will be limited to the two years preceding his or her application for it." *Id*. at 180, 712 N.E.2d at 751.

{¶ 11} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent.

―――――――――――

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 12} I would reverse the judgment of the court of appeals and issue a writ of mandamus ordering the requested relief.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

―――――――――――

*Kendis & Associates Co., L.P.A.,* and *Rachel B. Jaffy*, for appellant.

*Hanna, Campbell & Powell* and *Lori A. Fricke*, for appellee Dairy Mart, Inc.

*Betty D. Montgomery*, Attorney General, and *Jacob Dobres*, Assistant Attorney General, for appellee Industrial Commission.

―――――――――――