[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 267.]

THE STATE EX REL. BAKER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Baker v. Indus. Comm*., 2002-Ohio-6341.]

*Workers' compensation—Mandamus sought to compel Industrial Commission to grant an earlier start date for relator-claimant's permanent total disability compensation—Court of appeals' denial of writ affirmed—Compensation for disability existing more than two years prior to application prohibited by R.C. 4123.52.*

(No. 2001-2248—Submitted September 17, 2002—Decided December 4, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-447.

————————————

**Per Curiam.**

{¶1} Appellant-claimant, Ernest F. Baker, was hurt on the job in 1993. His application for workers' compensation benefits was initially denied by appellee, Industrial Commission of Ohio, which concluded that claimant was not an employee, but rather an independent contractor, and therefore exempt from these benefits. This finding precipitated a six-year administrative and legal battle in which claimant's employment status and the specification of medical conditions related to his accident were hotly debated. Litigation ended on November 2, 1999, when appellee's staff hearing officer denied the employer's appeal of the district hearing officer's allowance of a workers' compensation claim.

{¶2} On January 18, 2000, claimant moved for permanent total disability compensation ("PTD"). He submitted the July 28, 1999 report of Dr. Stephen Altic, who stated:

{¶3} "It is also my opinion that this patient was totally disabled between the date of injury September 26, 1993 through September 26, 1994. Based upon

my examination, medical records provided, and the patient's history it is also my opinion that Mr. Baker is permanently and totally impaired from performing any gainful remunerative employment since September 26, 1994 directly as a result of these injuries as described."

{¶4} The commission granted claimant's application and commenced PTD as of July 28, 1999, the date of Dr. Altic's report. Seeking an earlier start date, claimant sought a writ of mandamus from the Court of Appeals for Franklin County. Finding some evidence to support the commission's decision, the court denied the writ. This cause is now before this court upon an appeal as of right.

{¶5} It is uncontroverted that some evidence supports the July 28, 1999 PTD start date chosen by the commission—Dr. Altic's report of the same date. The claimant nevertheless advocates a start date of September 27, 1994, based on Altic's statement—in the July 28, 1999 report—that claimant had been permanently and totally disabled since September 26, 1994. We reject claimant's position for two reasons.

{¶6} First, the commission alone determines the weight and credibility of the evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20-21, 31 OBR 70, 508 N.E.2d 936. Here, the commission rejected Dr. Altic's proffered 1994 date because there was no evidence that Dr. Altic had seen or treated claimant in 1994. To the contrary, claimant's own PTD application states that Dr. Altic first saw claimant in December 1999. Moreover, Altic's selection of a September 27, 1994 start date coincides more with the termination date of temporary total disability compensation than it does with anything of a medical nature.

{¶7} Second, claimant's proposed date conflicts with R.C. 4123.52's statute of limitations, which forbids compensation for disability existing more than two years prior to application therefor. Claimant filed for PTD on January 18, 2000. Consequently, compensation before January 18, 1998, is unauthorized.

**{¶8}** Claimant contends that the six years that it took to get the claim allowed and the conditions therein finalized justify the abandonment of the evidentiary and statutory impediments to his proposal. This assertion lacks merit. First, there is no authority for the proposition that application of the statutory conditions for PTD is subject to some sort of time line. Second, any attempt to equate this case to those in which application of a pertinent rule or regulation was excused because of administrative delay fails. Unlike the delay in *State ex rel. Johnston v. Ohio Bur. of Workers' Comp.* (2001), 92 Ohio St.3d 463, 751 N.E.2d 974, for example, this delay is not attributable to the commission's lack of diligence in processing an application. The six years between application and allowance were attributable to protracted litigation. There is, therefore, no justification for abandoning the controlling law in this case.

**{¶9}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Reinhard, Zamora & Bates Co., L.P.A., and Charles Zamora, for appellant.

Betty D. Montgomery, Attorney General, and Daniel M. Hall, Assistant Attorney General, for appellee.

————————————