THE STATE EX REL. ADAMS, APPELLEE, *v.* ALUCHEM, INC.;
INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Adams v. Aluchem, Inc.,*
104 Ohio St.3d 640, 2004-Ohio-6891.]

(No. 2003–1648—Submitted September 15, 2004—Decided December 22, 2004.)

MOYER, C.J.

I

{¶ 1} In December 1984, James C. Adams, claimant-appellee, was injured in an industrial accident. The Bureau of Workers' Compensation allowed his claim for the conditions of "dismemberment left arm; phantom limb pain; muscle spasms left arm."

{¶ 2} On April 11, 2001, claimant filed a motion for statutory permanent total disability ("PTD") compensation under R.C. 4123.58(C). The motion was based on the holding of the Tenth District Court of Appeals in *State ex rel. Thomas v. Indus. Comm.* (Dec. 19, 2000), Franklin App. No. 00AP–289, 2000 WL 34447881. In *Thomas,* the court of appeals held that the loss of a hand and arm of the same limb constitutes statutory PTD under R.C. 4123.58(C).[1] We affirmed the judg-

---

1. {¶ a} R.C. 4123.58(C) provides:

{¶ b} "The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, constitutes total and permanent disability, to be compensated according to this

ment of the court of appeals in *State ex rel. Thomas v. Indus. Comm.*, 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62.

{¶ 3} An Industrial Commission staff hearing officer granted claimant's motion for statutory PTD compensation but applied the two-year statute of limitations in R.C. 4123.52 to bar the payment of retroactive compensation for any period prior to April 11, 1999.

{¶ 4} Claimant sought a writ of mandamus in the Tenth District Court of Appeals ordering the commission to award statutory PTD compensation retroactive to the date of his 1984 injury. The court of appeals granted the writ, holding that the two-year statute of limitations in R.C. 4123.52 does not apply to retroactive awards of statutory PTD compensation and that the commission abused its discretion in setting April 11, 1999, as the start date for payment of claimant's compensation.

{¶ 5} The cause is now before this court upon an appeal as of right.

## II

{¶ 6} The parties agree that claimant is entitled to statutory PTD benefits pursuant to R.C. 4123.58(C) and our holding in *Thomas*, but disagree regarding the appropriate date from which the payment of compensation should begin.

{¶ 7} Claimant contends that retrospective application of *Thomas* compels a finding that the date of his 1984 injury is the appropriate date to begin payment of compensation.

{¶ 8} We agree with claimant's contention that our decision in *Thomas* must be applied retrospectively because we did not expressly state that the decision was to be applied only prospectively. See *Lakeside Ave. Ltd. Partnership v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 125, 127, 707 N.E.2d 472, quoting *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 438 N.E.2d 415 ("'In the absence of a specific provision in a decision declaring its application to be prospective only, * * * the decision shall be applied retrospectively as well'").

{¶ 9} We disagree, however, with claimant's contention that retrospective application of *Thomas* compels us to set the date of his injury as the appropriate start date for payment of compensation. To reach that conclusion, we would be required to ignore the rules of retrospective application and to disregard another provision of the Workers' Compensation Act—R.C. 4123.52.

{¶ 10} Only those legal conclusions that we announced in *Thomas* can be retrospectively applied to other cases. Our decision in *Thomas* was limited to

---

section. Compensation payable under this section for permanent total disability is in addition to benefits payable under division (B) of section 4123.57 of the Revised Code."

interpreting the scope of statutory PTD as set forth in R.C. 4123.58(C). In *Thomas* we held that claimants who sustained full limb loss can be declared permanently and totally disabled under that statute. That holding is applicable to injuries sustained before *Thomas* was decided. See *Agee v. Russell* (2001), 92 Ohio St.3d 540, 543, 751 N.E.2d 1043 (noting that in statutory interpretation cases, the court determines what a particular statute has meant since its enactment). Our decision in *Thomas* did not address the compensation commencement date. The compensation commencement date, however, is the only issue in this case. Thus, *Thomas* is not controlling here.

{¶ 11} In order to reach the result urged by claimant, we would also be required to ignore the statute of limitations in R.C. 4123.52. That statute provides that "the commission *shall not* make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor." (Emphasis added.) The language of the provision expressly forbids the commission to pay PTD compensation for a back period in excess of two years before the filing of the application for compensation. *State ex rel. Baker v. Indus. Comm.*, 97 Ohio St.3d 267, 2002-Ohio-6341, 779 N.E.2d 214, ¶ 7.

{¶ 12} Despite this express statutory limitation, claimant argues that the commission should award him compensation for a back period of 17 years. Were we to order the commission to do so, we would violate the well-established rule that "when it is used in a statute, the word 'shall' denotes that compliance with the commands of that statute is *mandatory*." (Emphasis sic.) *Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368.

{¶ 13} We have rejected other arguments to create exceptions to the two-year statute of limitations. See, e.g., *Baker,* 97 Ohio St.3d at 267, 2002-Ohio-6341, 779 N.E.2d 214, ¶ 7–8 (refusing to create an exception to the two-year limitation and award six years of retroactive PTD compensation when the delay in filing for compensation was attributable to protracted litigation); *State ex rel. Justice v. Dairy Mart, Inc.* (2002), 94 Ohio St.3d 34, 759 N.E.2d 1252 (rejecting the argument that seriously injured claimants should be exempted from the mandatory two-year limitation in R.C. 4123.52); and *State ex rel. Welsh v. Indus. Comm.* (1999), 86 Ohio St.3d 178, 179, 712 N.E.2d 749 (emphasizing that "the commission *cannot make any* * * * award that grants compensation for any period more than two years before the date the claimant applies for such compensation" [emphasis added] ).

{¶ 14} Claimant asks this court to disregard a provision of the Workers' Compensation Act that by its own language applies to all awards of compensation and to do so only for the benefit of those receiving one type of compensation—

statutory PTD compensation. Were we to grant this request, we would create a situation in which one group of claimants, those who are statutorily permanently totally disabled, would be treated differently from all other claimants, including those claimants who are vocationally permanently totally disabled. The latter group would be bound by a statute of limitations and commensurate restrictions on retroactive compensation, while the former group would be unencumbered. The differing treatment of the groups cannot be justified by any attempt to distinguish them based on the nature of their members' injuries.

{¶ 15} The loss of or loss of use of one's extremities or eyes is a life-changing occurrence with ramifications that extend far beyond the workplace. However, other claimants deal with consequences that for some individuals are equally debilitating. For example, statutory PTD claimants are permitted to work, and many of them do.[2] This is medically and legally foreclosed to vocational PTD claimants,[3] and for many, the inability to earn a livelihood has its own emotionally devastating effects. Permanent total disability—no matter how it arises—is a life-altering occurrence for everyone affected, and under no circumstances should one group of PTD claimants be entitled to greater remuneration, via statutory operation, than others.

{¶ 16} In fact, we have explicitly rejected the argument that an exception to the two-year limitation is appropriate for claimants with the most severe physical injuries. *Justice*, 94 Ohio St.3d at 35, 759 N.E.2d 1252. In *Justice*, the claimant sought a retroactive compensation adjustment following an average-weekly-wage recalculation. Specifically, he sought readjustment back to the date of injury—12 years earlier—based, in part, on his argument that the liberal construction mandate in R.C. 4123.95[4] creates an exception to the statute of limitations for claimants with serious injuries. In refusing to acknowledge the proffered exception, we noted that "[n]either R.C. Chapter 4121 nor Chapter 4123 establishes a distinct and more generous statute of limitations for those more seriously injured." Id. at 35, 759 N.E.2d 1252. Thus, we reject claimant's attempt to distinguish claims based on the nature of injuries.

---

2. Statutory PTD compensation is awarded regardless of a claimant's ability to work if the claimant has suffered "[t]he loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof." R.C. 4123.58(C).

3. An award of vocational PTD compensation requires a showing that claimant's allowed conditions, either alone or with claimant's nonmedical disability factors, prevent sustained remunerative employment. See, e.g., *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946.

4. {¶ a} R.C. 4123.95 provides:
   {¶ b} "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

{¶ 17} The court of appeals held that the two-year statute of limitations in R.C. 4123.52 does not apply in cases of statutory PTD and focused on Ohio Adm.Code 4121–3–34(E)(1), which derives from R.C. 4123.58(C), to support this holding.

{¶ 18} Ohio Adm.Code 4121–3–34(E)(1) states:

{¶ 19} "(E) Statutory permanent total disability

{¶ 20} "Division (C) of section 4123.58 of the Revised Code provides that the loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, constitutes total and permanent disability.

{¶ 21} "(1) In all claims where the evidence on file clearly demonstrates actual physical loss, or the permanent and total loss of use occurring at the time of injury secondary to a traumatic spinal cord injury or head injury, of both hands or both arms, or both feet or both legs, or both eyes, or any two thereof, the claim shall be referred to be reviewed by a staff hearing officer of the commission. Subsequent to review, the staff hearing officer shall, without hearing, enter a tentative order finding the injured worker to be entitled to compensation for permanent and total disability under division (C) of section 4123.58 of the Revised Code. If an objection is made, the claim shall be scheduled for hearing."

{¶ 22} The court of appeals determined that this provision obligates the commission to issue a tentative order finding the claimant to be entitled to compensation under R.C. 4123.58(C) in all cases where the evidence on file clearly demonstrates the requisite physical loss, regardless of the filing or failure to file an application for such compensation. This court has recognized that the statute of limitations in R.C. 4123.52 requires the filing of an application to trigger it. See, e.g., *State ex rel. Drone v. Indus. Comm.* (2001), 93 Ohio St.3d 151, 155, 753 N.E.2d 185. The court of appeals cited *Drone* to support its holding that the statute of limitations is not triggered in statutory PTD cases, because Ohio Adm.Code 4121–3–34(E)(1) makes the filing of applications for statutory PTD unnecessary.

{¶ 23} However, the court of appeals reached this conclusion by applying one provision of the administrative rule out of context. Ohio Adm.Code 4121–3–34(E)(1) must be considered in conjunction with other provisions of 4121–3–34, especially subsections (E)(1)(a) and (E)(1)(b).

{¶ 24} References to "applications" appear throughout Ohio Adm.Code 4121–3–34. For example, subsection (A) states, "The purpose of this rule is to ensure that *applications* for compensation for permanent total disability are processed and adjudicated in a fair and timely manner." (Emphasis added.)

{¶ 25} Ohio Adm.Code 4121–3–34(C) sets forth the procedures that "shall apply to *applications* for [PTD]." (Emphasis added.) With regard to the procedure for statutory PTD applications, the rule provides that if the claimant "*is request-*

*ing* a finding of permanent total disability compensation under division (C) of section 4123.58 of the Revised Code (statutory permanent and total disability), the *application* shall be adjudicated in accordance with paragraph (E) of this rule." (Emphasis added.) Ohio Adm.Code 4121–3–34(C)(3)(b).

{¶ 26} The stated purpose of the rule and the other references to applications throughout the rule demonstrate that the Industrial Commission intended claimants to affirmatively seek, rather than automatically receive, PTD compensation.

{¶ 27} Ohio Adm.Code 4121–3–34(E)(1)(a) states, "Within thirty days of the receipt of the tentative order adjudicating the merits of an *application* for compensation for permanent and total disability, a party may file a written objection to the order." (Emphasis added.) Ohio Adm.Code 4121–3–34(E)(1)(b) also assumes the filing of an application for compensation: it directs that if a written objection to the tentative order is made, "the *application* for permanent and total disability shall be set for hearing and adjudicated on its merits." (Emphasis added.)

{¶ 28} A plain reading of these subsections reveals that the Industrial Commission intended applications for statutory PTD compensation to precede the issuance of tentative orders for such compensation.

{¶ 29} Thus, the court of appeals erred in holding that Ohio Adm.Code 4121–3–34 renders applications for statutory PTD unnecessary and the statute of limitations in R.C. 4123.52 inapplicable.

### III

{¶ 30} Claimant filed a motion for statutory PTD on April 11, 2001. As the court of appeals noted, this motion can be viewed as claimant's application for compensation. This April 11, 2001 application triggered the two-year statute of limitations in R.C. 4123.52, and claimant is thereby entitled to retroactive statutory PTD compensation effective April 11, 1999.

{¶ 31} For the foregoing reasons, the judgment of the court of appeals is reversed and the order of the commission is reinstated.

Judgment reversed.

LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

———————

ALICE ROBIE RESNICK, J., dissenting.

{¶ 32} In my opinion, the two-year limit on retroactive payment of compensation in R.C. 4123.52 does not apply to awards of statutory permanent total disability ("PTD") compensation under R.C. 4123.58(C). Disability under this

subsection is referred to as "statutory" PTD because it depends not on actual disability but only on the injuries specified in the statute, which are deemed to constitute PTD. In contrast, "vocational" PTD is based on actual proven inability to perform sustained remunerative employment. The two-year limitation in R.C. 4123.52 applies to relief for which an application is required to be filed, and no specific application for PTD compensation is required to secure an award of statutory PTD compensation under R.C. 4123.58(C). Instead, a claimant who qualifies for PTD compensation under R.C. 4123.58(C) is automatically entitled to such relief upon the allowance of the claim for the loss of body parts specified in the statute. For these and the following reasons, I respectfully dissent.

{¶ 33} R.C. 4123.52 provides:

{¶ 34} "The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * [T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."

{¶ 35} In *State ex rel. Drone v. Indus. Comm.* (2001), 93 Ohio St.3d 151, 753 N.E.2d 185, the court held that the two-year limitation did not apply where the Bureau of Workers' Compensation discovered that it had miscalculated the claimant's average weekly wage and sua sponte exercised its continuing jurisdiction to correct the mistake. In so doing, we agreed with the court of appeals that the two-year "statute of limitations was never triggered because no application had been filed." Id. at 153, 753 N.E.2d 185. Instead, the agency had granted relief of its own volition, that is, it awarded compensation in the absence of application therefor. Id. at 154, 753 N.E.2d 185. Thus, we concluded that since "the statute of limitations in R.C. 4123.52 requires an application to trigger it and nothing satisfies [the] outline of an application [set forth in *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 82, 541 N.E.2d 52], * * * the statute of limitations has not been invoked." Id. at 155, 753 N.E.2d 185.

{¶ 36} By the same token, the two-year limitation in R.C. 4123.52 would not be triggered by a claimant's request for compensation that the commission was *required* to award in the absence of such a request. Moreover, the salient purpose of R.C. 4123.52's limitation on back awards is to penalize the claimant who is dilatory in asserting his or her rights to compensation by restricting payment to the two-year period preceding the claimant's application. *State ex rel. Welsh v. Indus. Comm.* (1999), 86 Ohio St.3d 178, 180, 712 N.E.2d 749. A claimant should not be penalized for his or her delay in filing an application that was not required to be filed in the first place.

{¶ 37} The pivotal question, therefore, is whether it is necessary for a qualifying claimant to file an application in order to obtain statutory PTD compensation under R.C. 4123.58(C), which provides:

{¶ 38} "The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section."

{¶ 39} Yet very little, if any, of the majority's discussion is actually focused on this issue. Most of its analysis is digressive, as it is based on the holdings and rationale of cases that involve peripheral issues, or intermixed with concepts and concerns that either flout the statutory scheme or are tangential to the matter at hand.

{¶ 40} The majority begins its analysis by noting that R.C. 4123.52 uses the word "shall" in limiting the retroactive payment of compensation and, therefore, is mandatory in nature. The majority then cites and parenthetically describes three cases in which, the majority states, "[w]e have rejected other arguments to create exceptions to the two-year statute of limitations" in R.C. 4123.52.

{¶ 41} The problem with this portion of the majority's analysis, however, is that it merely begs the question whether R.C. 4123.52 applies to awards of statutory PTD compensation. Citing the mandatory character of R.C. 4123.52 does nothing to indicate the scope of its application. Mandatory or not, R.C. 4123.52, like any statutory provision, still applies only within the range of its coverage. Moreover, the three cases upon which the majority relies involve, in the majority's words, the rejection of "other arguments." None of these cases involve an award of statutory PTD compensation or any argument that an application was unnecessary to secure the requested compensation.

{¶ 42} The majority claims that in *State ex rel. Baker v. Indus. Comm.*, 97 Ohio St.3d 267, 2002-Ohio-6341, 779 N.E.2d 214, ¶ 7–8, the court "refus[ed] to create an exception to the two-year limitation and award six years of retroactive PTD compensation when the delay in filing for compensation was attributable to protracted litigation." *Baker*, however, involved the retroactive payment of vocational PTD compensation, not statutory PTD compensation. The court in *Baker* refused to create an exception to the two-year limitation in R.C. 4123.52 where the claimant's delay in filing for vocational PTD compensation was attributable to a six-year legal battle over the initial allowance of the claim, rather than to any lack of diligence on the commission's part in processing the application for allowance. Id. at ¶ 8. Moreover, the majority's reliance on *Baker* ignores Memo I2 of the Hearing Officer Manual, Industrial Commission Policy Statements and Guidelines (May 7, 2001), which provides, for purposes of the two-year limitation in R.C. 4123.52:

{¶ 43} "Lost-time applications for allowance of the claim are applications for compensation. Therefore, there is jurisdiction to award compensation from the date of injury or date of disability when such claim is allowed, irrespective of the length of time elapsed, e.g., the claim is allowed initially in court."

{¶ 44} The majority also relies on *Welsh,* supra, which it depicts as "emphasizing that 'the commission *cannot make any * * ** award that grants compensation for any period more than two years before the date the claimant applies for such compensation' (emphasis added)." The obvious import of this characterization is to suggest that the court in *Welsh* had stressed that no type of compensation could ever be exempt from the two-year limitation in R.C. 4123.52, when in fact the court was merely restating the statute's limitation. Thus, the full sentence from which the majority quotes reads: "Under R.C. 4123.52, the commission cannot make any modification, change, finding, or award that grants compensation for any period more than two years before the date the claimant applies for such compensation." *Welsh,* 86 Ohio St.3d at 179, 712 N.E.2d 749. The majority essentially adds its own emphasis to a portion of this innocuous restatement of the statute and attempts to attribute the emphasis to the court in *Welsh.*

{¶ 45} In fact, the court in *Welsh* did not reject any asserted exception to the two-year limitation, let alone all possible exceptions. To the contrary, the court specifically noted that the claimant "has not asserted any exception to the rule, inherent in R.C. 4123.52, that a claimant must act diligently to secure compensation by commission order." Id. at 180, 712 N.E.2d 749. In *Welsh,* the court simply rejected the argument that the claimant was seeking something other than a modification of the award. The court then held that R.C. 4123.52 applies to preclude recovery of amounts that were improperly deducted from the claimant's temporary total disability compensation during a period prior to the two years preceding his application.

{¶ 46} The majority's reliance on the last of its three cited cases, *State ex rel. Justice v. Dairy Mart, Inc.* (2002), 94 Ohio St.3d 34, 759 N.E.2d 1252, is simply misplaced. In that case, the claimant, who was receiving vocational PTD compensation, moved for an adjustment to his average weekly wage, and the commission granted his motion. Applying R.C. 4123.52, the commission readjusted the claimant's average weekly wage back to December 31, 1996, which was two years before the claimant filed his motion. Seeking a writ of mandamus to compel readjustment back to the date of his injury in 1986, claimant argued that an exception should be created for claimants with serious injuries. The court rejected this argument, stating that "[n]either R.C. Chapter 4121 nor Chapter 4123 establishes a distinct and more generous statute of limitations for those more seriously injured." Id. at 35, 759 N.E.2d 1252.

{¶ 47} In the present case, however, the claimant is not arguing that an exception should be created for statutory PTD claimants based on the seriousness of their injuries. Instead, claimant is arguing that the two-year limitation in R.C. 4123.52 does not apply to awards of statutory PTD compensation because R.C. 4123.58(C) creates a procedure under which the filing of an application is unnecessary.

{¶ 48} Nevertheless, the majority also relies on *Justice* to support the proposition that no one group of claimants, such as those who are statutorily permanently totally disabled, may be singled out for special treatment based on the nature of its members' injuries. Thus, the majority reasons:

{¶ 49} "Claimant asks this court to disregard a provision of the Workers' Compensation Act that by its own language applies to all awards of compensation and to do so only for the benefit of those receiving one type of compensation—statutory PTD compensation. Were we to grant this request, we would create a situation in which one group of claimants, those who are statutorily permanently totally disabled, would be treated differently from all other claimants, including those claimants who are vocationally permanently totally disabled. The latter group would be bound by a statute of limitations and commensurate restrictions on retroactive compensation, while the former group would be unencumbered. The differing treatment of the groups cannot be justified by any attempt to distinguish them based on the nature of their members' injuries."

{¶ 50} The majority then explains that the disabling consequences of a statutory PTD claimant's injuries are not so uniquely life-altering or debilitating when compared to those suffered by vocational PTD claimants as to justify a special exemption from the otherwise mandatory and all-encompassing limitation on back awards. The majority concludes, therefore, that "[p]ermanent total disability—no matter how it arises—is a life-altering occurrence for everyone affected, and under no circumstances should one group of PTD claimants be entitled to greater remuneration, via statutory operation, than others."

{¶ 51} The problem with this reasoning is that it substitutes the majority's determination of what the public policy should be with regard to PTD compensation for the policy declared by the General Assembly in R.C. 4123.58(C). This court does not have the authority to declare as public policy that all PTD claimants must be treated equally and receive equivalent remuneration. By enacting R.C. 4123.58(C) in its present form, the General Assembly has already determined that claimants who receive certain types of injuries should be treated differently and more favorably than other claimants for purposes of PTD compensation. In fact, the whole purpose of R.C. 4123.58(C) is to provide for different treatment of claimants who suffer particular injuries, i.e., the loss of specified body parts, and to thereby allow for the possibility that claimants who

qualify for statutory PTD compensation may be entitled to greater remuneration than claimants who qualify for vocational PTD.

{¶ 52} Prior to 1959, R.C. 4123.58 provided:

{¶ 53} "The loss of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, *prima facie* constitutes total and permanent disability, to be compensated according to this section." (Emphasis added.) 126 Ohio Laws 1015, 1033.

{¶ 54} Effective November 2, 1959, 128 Ohio Laws 743, 762, R.C. 4123.58 was amended to delete the term "prima facie." Except for a 1973 amendment that added the phrase "or loss of use," this sentence has since remained unchanged. 135 Ohio Laws, Part I, 1706. As explained in *State ex rel. Holdridge v. Indus. Comm.* (1967), 11 Ohio St.2d 175, 179, 40 O.O.2d 162, 228 N.E.2d 621, "[t]he removal of the prima facie proof factor leaves the [qualifying claimant] with an unconditional right to receive compensation 'according to this section' '* * * until his death.'" (Emphasis deleted.) In other words, by deleting the "prima facie" condition from the statute, the General Assembly made the qualifying loss of body parts a conclusive and irrebuttable presumption of PTD. Id. at 180, 40 O.O.2d 162, 228 N.E.2d 621.

{¶ 55} Accordingly, claimants who lose any two of the body parts delineated in R.C. 4123.58(C) are entitled to PTD compensation solely by virtue of the nature of their injuries. These claimants are not required to prove that their injuries prevent them from engaging in sustained remunerative employment in order to qualify for PTD compensation. They are entitled to PTD compensation without regard to the extent of their disability, rehabilitation, or reemployment. Indeed, they may actually reenter the work force, secure gainful employment, and still continue to draw PTD compensation. See *Holdridge*; *State ex rel. Gassmann v. Indus. Comm.* (1975), 41 Ohio St.2d 64, 70 O.O.2d 157, 322 N.E.2d 660.

{¶ 56} No other group of claimants is entitled to such special treatment, regardless of how severely its members are injured. Claimants who receive injuries other than those required to invoke relief under R.C. 4123.58(C) must show that their injuries, either alone or in conjunction with nonmedical disability factors, render them incapable of sustained remunerative employment. See *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Thus, contrary to the majority's policy determination that all PTD claimants must receive equivalent remuneration, R.C. 4123.58(C) is specifically designed so that one particular group of claimants, those who are statutorily permanently totally disabled, may receive PTD compensation for their injuries under circumstances in which claimants with other types of injuries may not.

{¶ 57} To illustrate the point, consider the following comparative scenario. Suppose that everything pertinent to claimant Adams in this case had also

occurred with regard to hypothetical claimant Smith, except that on December 26, 1984, claimant Smith lost only his left hand. For purposes of this comparison, assume also that R.C. 4123.52 is applicable to all PTD awards, including those granted pursuant to R.C. 4123.58(C). What is the resultant compensation or "remuneration" to each of these claimants? The answer is that claimant Adams, who is statutorily permanently totally disabled, is entitled to PTD compensation from April 11, 1999, until his death. However, claimant Smith, who has lost only one of the body parts enumerated in R.C. 4123.58(C), is not eligible for statutory PTD compensation. Instead, Smith must prove that he is unable to engage in any sustained remunerative employment in order to receive PTD compensation, which he cannot do because he has actually returned to the work force. Thus, while Adams may receive hundreds of thousands of dollars in "remuneration," Smith receives nothing. And this has occurred even though R.C. 4123.52 was applied to Adams's award.

{¶ 58} The point is that R.C. 4123.58(C) establishes a distinct group of statutory PTD claimants and operates to allow its members to obtain greater remuneration than other (vocational) PTD claimants. Thus, the "exception" sought by the claimant in this case cannot be denied on the basis that "under no circumstances should one group of PTD claimants be entitled to greater remuneration, via statutory operation, than others."

{¶ 59} Moreover, the differing treatment effectuated under R.C. 4123.58(C) does not rely for its justification solely upon the seriousness of the statutory PTD claimant's injuries. Instead, the obvious effect that the loss of two significant body parts has on the health, safety, and performance capability of the injured worker, coupled with the fact that dismemberment, amputation, or paralysis obviates common problems of medical and vocational proof associated with other injuries, justifies this different treatment and supports the creation of an irrebuttable presumption of PTD under R.C. 4123.58(C). The General Assembly, therefore, has every right to treat these claimants more favorably for purposes of PTD compensation, and the majority has no authority to assay its wisdom in this regard.

{¶ 60} More important, statutory PTD claimants occupy a unique position with regard to the two-year limitation in R.C. 4123.52 because R.C. 4123.58(C) makes the filing of an application for PTD compensation unnecessary. The removal of the "prima facie" language from R.C. 4123.58 in 1959 was a proof-related amendment. By deleting this language, the General Assembly substituted an irrebuttable presumption for a rebuttable one and thereby changed the procedure for determining the claimant's entitlement to statutory PTD compensation. See *Holdridge*, supra, 11 Ohio St.2d at 180, 40 O.O.2d 162, 228 N.E.2d 621.

{¶ 61} Pursuant to the 1959 amendment, the loss of any two of the enumerated body parts is deemed to constitute PTD. As a result, qualifying claimants are entitled to PTD compensation once they establish that their injuries were received in the course of, and arose out of, their employment, which is accomplished when their claim is allowed for the qualifying loss. At that point, they have no evidentiary burden whatsoever to prove the extent of their disability or otherwise establish a causal relationship between their industrial injuries and their inability to work. What they have is an unconditional right to PTD compensation that cannot be defeated by any medical or vocational evidence regarding, e.g., their ability to return to work, their age being the sole barrier to reemployment, their refusal to accept a bona fide offer of sustained remunerative employment, their preexisting medical conditions, or their amenability to retraining or rehabilitation. Thus, once the commission allows a claim for the loss of two body parts listed in R.C. 4123.58(C), it has no further adjudicative function to perform with respect to the qualifying claimant's entitlement to PTD compensation except to grant it.

{¶ 62} Clearly, the intent of R.C. 4123.58(C) is to eliminate the hearing process and establish a procedure in which statutory PTD compensation is granted upon the allowance of the claim for the qualifying loss. Thus, R.C. 4123.58(C) makes the filing of an application for statutory PTD compensation unnecessary. For purposes of R.C. 4123.52, it is the timely filing of the claimant's application for allowance of the qualifying loss that gives the commission jurisdiction to award statutory PTD compensation from the date of injury.

{¶ 63} Although the case is not mentioned by the majority, the Industrial Commission argues that a different result is required under *State ex rel. Clark v. Krouse* (1977), 52 Ohio St.2d 201, 6 O.O.3d 458, 371 N.E.2d 538. In that case, the claimant lost both his hands and part of his left forearm. He began receiving PTD compensation in March 1948, when former G.C. 1465.81, the predecessor of R.C. 4123.58, provided that the loss of both hands "shall prima facie constitute total and permanent disability." 122 Ohio Laws 274. In November 1951, the claimant returned to work as a supervisor for his former employer. Since former G.C. 1465.81 contained only a rebuttable presumption of PTD for the loss of two body parts, the commission terminated the claimant's PTD benefits as of the date he returned to work.

{¶ 64} When R.C. 4123.58 was amended in 1959 to delete the phrase "prima facie," the claimant in *Clark* became entitled to PTD compensation despite his reemployment. Yet he allowed his claim to lie dormant until October 6, 1975, when he applied for PTD compensation pursuant to amended R.C. 4123.58 and sought payments retroactive to November 1951. The commission granted claimant's request for PTD compensation under amended R.C. 4123.58, but applied

R.C. 4123.52 to limit his recovery to two years prior to the date of his application. The court held that the commission properly applied R.C. 4123.52 to limit the claimant's recovery, finding that the claimant "failed to pursue his right to the benefits when they first became available to him [in 1959], and the failure must rest upon him." Id. at 205, 6 O.O.3d 458, 371 N.E.2d 538.

{¶ 65} At first blush, *Clark* appears to support the commission's position, since the court held R.C. 4123.52 applicable to limit retroactive payment of statutory PTD compensation. Upon close analysis, however, it becomes clear that *Clark* involved a situation endemic to the time. The events pertinent to the claimant's PTD in *Clark* straddled the 1959 amendment to R.C. 4123.58. The claimant's initial award of PTD compensation, his subsequent rehabilitation and reemployment, and the termination of his benefits all occurred before 1959, while his request for statutory PTD compensation necessarily had to occur after the 1959 amendment. Under this unique set of circumstances, the claimant was required to file an application for statutory PTD compensation because neither the claimant's original application nor the commission's original allowance of the claim for the loss of both hands could have invoked the claimant's entitlement to statutory PTD compensation under a statute that did not yet exist.

{¶ 66} Finally, the majority relies on Ohio Adm.Code 4121-3-34, in particular disputing the interpretation of subsection (E)(1) by the court of appeals. Since R.C. 4123.58(C) makes the filing of an application for PTD compensation unnecessary, there is no need to examine Ohio Adm.Code 4121-3-34(E)(1). But if Ohio Adm.Code 4121-3-34(E)(1) is to be construed, it must be interpreted in accordance with R.C. 4123.58(C).

{¶ 67} On its face, Ohio Adm.Code 4121-3-34(E)(1) clearly requires the agency to initiate an award of statutory PTD compensation upon recognizing the qualifying loss. It expressly provides that "[i]n all claims where the evidence on file clearly demonstrates actual physical loss * * * [of any two of the listed body parts], the claim shall be referred to be reviewed by a staff hearing officer of the commission. Subsequent to review, the staff hearing officer shall, without hearing, enter a tentative order finding the injured worker to be entitled to compensation for permanent and total disability under division (C) of section 4123.58 of the Revised Code."

{¶ 68} Contrary to the majority's interpretation, I do not believe that the drafters of Ohio Adm.Code 4121-3-34, having referred to the processing and adjudication of "applications" in various provisions throughout the rest of the rule, just happened to inadvertently omit the term from paragraph (E)(1). A requirement for the filing of an application cannot be written into paragraph (E)(1) by means of reading that provision "in conjunction with other provisions of 4121-3-34," as the majority suggests. To the contrary, considering that the rule

654

sets forth an entirely separate procedure for processing and adjudicating statutory PTD compensation, and reading paragraph (E)(1) *in contrast to* the other provisions in the rule, it becomes manifest that the omission was intentional. While paragraph (E)(1) may certainly be interpreted to include the situation where an application for statutory PTD compensation is filed, it cannot be interpreted to require the filing of an application. Ohio Adm.Code 4121–3–34(E)(1) is simply broader in scope than its subordinate subdivisions.

{¶ 69} For all the foregoing reasons, I would affirm the judgment of the court of appeals.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

---

Clements, Mahin & Cohen Co., L.P.A., and Edward Cohen, for appellee.

Jim Petro, Attorney General, Dennis H. Behm, and Shareef Rabaa, Assistant Attorneys General, for appellant.

Garvin & Hickey, Preston J. Garvin, and Michael J. Hickey, urging reversal for amicus curiae Ohio Chamber of Commerce.

Vorys, Sater, Seymour & Pease, L.L.P., Robert A. Minor, and Robin Obetz, urging reversal for amicus curiae Ohio Self–Insurers' Association.

Bricker & Eckler and Thomas R. Sant, urging reversal for amici curiae Ohio Chapter of the National Federation of Independent Business and Ohio Manufacturers' Association.