THE STATE EX REL. SAGERT, APPELLEE, v. INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Sagert v. Indus. Comm.*,
106 Ohio St.3d 48, 2005-Ohio-3670.]

(No. 2004–2052—Submitted June 15, 2005—Decided August 3, 2005.)

**Per Curiam.**

{¶ 1} Appellee-claimant, Brian A. Sagert, had his right arm amputated below the elbow in an industrial accident on August 9, 1992. A workers' compensation claim was allowed, and claimant eventually was compensated pursuant to R.C. 4123.57(B) for the total loss of use of his right arm.

{¶ 2} In 2002, this court decided *State ex rel. Thomas v. Indus. Comm.*, 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62. *Thomas* declared that the loss of an entire extremity constituted the loss of two distinct members, i.e., the leg and foot or the arm and hand. That loss, in turn, qualified a claimant for statutory permanent total disability compensation ("PTD") under R.C. 4123.58(C).

{¶ 3} Accordingly, on December 10, 2002, claimant moved appellant, Industrial Commission of Ohio, for statutory PTD. The commission granted claimant's motion and awarded compensation retroactive to December 10, 2000, two years prior to claimant's motion.

{¶ 4} Claimant sought reconsideration, seeking to have the PTD start date established as April 12, 1993, the date of the commission order declaring a total loss of use of the right arm. The commission denied claimant's request.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County. The court granted the writ and ordered the commission to backdate the start date to April 12, 1993, citing its decision in *State ex rel. Adams v. Aluchem, Inc.*, 10th Dist. No. 02AP–1210, 2003-Ohio-4510, 2003 WL 22006857.

{¶ 6} This cause is now before this court on an appeal as of right.

{¶ 7} On December 22, 2004, we reversed the court of appeals, decision in *Adams*. In *State ex rel. Adams v. Aluchem, Inc.*, 104 Ohio St.3d 640, 2004-Ohio-6891, 821 N.E.2d 547, we ruled at the syllabus that R.C. 4123.52 barred retroactive payment of statutory PTD compensation for a period in excess of two years before the motion for PTD compensation was filed.

{¶ 8} Claimant seeks to distinguish *Adams*. In *Adams*, the claimant's entire extremity was amputated in an industrial accident. It was not, therefore, necessary for him to file a separate application seeking a formal declaration of total loss of an extremity under R.C. 4123.57(B). The present claimant, because his severance was less extensive, was required to move the commission for a declaration of total loss—in this case, a total loss of use.

{¶ 9} Claimant's proposed distinction is irrelevant. Whether it was the date of an application for the allowance of a workers' compensation claim, as in *Adams*, or the date of an intervening order, both claimants requested the same thing: to have something other than their PTD application considered the starting point of R.C. 4123.52's two-year statute of limitations. We declined to allow it in *Adams*, and our reasoning applies equally here.

{¶ 10} The judgment of the court of appeals is hereby reversed.

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., dissent and would affirm the judgment of the court of appeals.

---

Spitler & Williams–Young Co., L.P.A., William R. Menacher, and Steven M. Spitler, for appellee.

Jim Petro, Attorney General, and Dennis Behm, Assistant Attorney General, for appellant.